# The Township of Ridgway *versus* Wheeler *et al.*

By special laws applicable to Elk county, the road and sidewalk taxes shall be collected by the constables of the respective townships, upon warrants and duplicates issued by the supervisors. The supervisors of a township of said county tendered the tax duplicates to the constable, who declined to receive them and refused to act. The supervisors then appointed one of their own number collector of said taxes, who gave the required bond, which was duly approved. The court below held that the supervisors had no power to appoint and the bond was a nullity. *Held*, reversing the court below, that the special acts having been rendered inoperative temporarily by the refusal of the constable to act, the supervisor might appoint, under the powers conferred by the General Law of April 15th 1834; that there was a clear *casus omissus* in the special acts, and to that extent the general act supplied their place; that the appointment was legal and the bond valid, and the collector having received the money must pay it over.

June 4th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. WOODWARD, J., absent.

Error to the Court of Common Pleas of *Elk county:* Of May Term 1879, No. 67.

Debt on an official bond by the township of Ridgway against V. S. Wheeler, Robert I. Campbell and Isaac Horton.

W. H. Schram and Virgil S. Wheeler were supervisors for the township of Ridgway, for the year 1872–3. As such, they levied road, additional road and sidewalk taxes. Under the special laws relating to Elk county (see Pamph. L. 1855, p. 240, and Pamph. L. 1864, p. 157), it is provided that these taxes "shall be collected by the constables of the respective townships, upon warrants and duplicates issued by the supervisors." In pursuance of these laws, Schram and Wheeler, as supervisors, tendered the duplicates of these taxes to the constable, H. H. Wensel, who declined to accept them. They then appointed one of themselves, Virgil S. Wheeler, collector of said taxes, placing in his hands the duplicates, with their warrants as supervisors attached. Wheeler accepted the appointment, and filed with the town clerk his bond, as collector, in the penal sum of $6000, with Robert I. Campbell and Isaac Horton, as sureties. This bond was approved by the said Wheeler, and the said Schram, as supervisors. Wheeler proceeded to collect by virtue of this appointment, and by himself and his deputy, D. F. Farrand, did collect a large amount of said taxes. A part of the taxes so collected was never paid over to the township. The balance so collected, and in the hands of Wheeler and his deputy, was shown to be $85.91 on the additional road tax, and $138.94 on the sidewalk tax, making a total of $224.85. Charging the said supervisors with the whole amount of said duplicates, and crediting the payments to the township treasurer, the township auditors found a balance due the township of $367.81 on the

[Township of Ridgway v. Wheeler.]

additional road tax, and $372.11 on the sidewalk tax. This suit was brought on the bond given by Wheeler, as collector.

In charging the jury, the court (Wetmore, P. J.), inter alia, said: "The proper manner for the supervisors to proceed was to assess the tax for the payment of the debt of the township, and also to assess the tax for the purpose of building sidewalks, and make out their duplicate in due form, directed to the constable of . the township, who, by law, was the collector of the taxes to be thus assessed. In this case, we learn that the constable declined to take the duplicate which was offered him. We will not now discuss the question as to the obligation upon the constable at that time. It is not material to the decision of this question. We learn that this bond was executed by the supervisors and by Campbell, and a warrant for the collection of the taxes was issued to Wheeler, one of the supervisors. There was no authority in law to issue that warrant to Wheeler. The money raised by the special road tax did not belong to the supervisors. It was not to be laid out upon the roads of the township. It was specially directed to be assessed and collected for the purpose of paying creditors. This suit is brought upon a bond executed by the supervisors, with Campbell as surety. We say to you that the supervisors had no jurisdiction over those taxes, so far as the collection of them was concerned. That duty devolved upon another officer, to wit, the constable. They had no authority to appoint either one of their own number, or any third person, as collector. [The bond given by the supervisors, with Campbell as surety, for the performance of that duty, was a nullity. It did not authorize the supervisors to collect the taxes, and he had no authority to go to persons assessed and enforce the payment. We say to you that there is no obligation on the part of these defendants upon the bond on which this suit was instituted. Your verdict, under the ruling, should be for the defendants."]

The verdict was in accordance with this instruction, and after judgment plaintiff took this writ and, inter alia, alleged that the court erred in the portion of the charge noted above in brackets.

*Rufus Lucore* and *Hall & McCauley*, for plaintiff in error.—The provision of law that the taxes "shall be collected by the constables of the respective townships upon warrants and duplicates issued by the supervisors," is to be construed liberally in behalf of the township, so as to advance the main purpose, to wit: the collection of the taxes. Where there is no constable, or where the constable refuses, are the taxes to remain uncollected? Or shall it be so construed that in such cases the supervisors shall have the right, *ex necessitate*, to exercise the power of appointment existing under the express provisions of the general laws of the state? We sub-

[Township of Ridgway *v.* Wheeler.]

mit that the latter is the more reasonable view, and best serves the main purpose.

*George A. Jenks* and *George A. Rathbun*, for defendants in error.—The Act of 1834, sect. 31, required the supervisors and overseers of the poor, annually, at a meeting to be convened for the purpose, to appoint some suitable inhabitant of the township to be collector of township rates and levies. That duty was taken from them by the Act of 1855 and the collection of road taxes imposed upon the constables of the respective townships, who were made liable upon their official bonds for the due collection and payment of such taxes to the township treasurer.

All authority before that time vested in the supervisors to appoint a collector was taken away, and an officer of the township, known to and provided for by the general laws of the state, was designated by law to collect the road and cash taxes. His authority to collect such taxes was established and his receipt to the citizen would discharge the tax, leaving the township, in case of his default, to look to the security of his official bond.

The supervisors did not act as thus required and give their warrant and duplicate to the constable, but appointed Wheeler, one of themselves, as collector, taking from him the bond in suit.

There was no authority in the supervisors to appoint Wheeler, and no power to collect the cash and sidewalk taxes mentioned in his duplicate, and his receipt would be valueless and not discharge the taxes unless they could be traced to the township treasurer. There was no liability upon the bond.

Mr. Justice PAXSON delivered the opinion of the court, June 23d 1879.

This was a suit upon the official bond of Virgil S. Wheeler, as collector of road and sidewalk taxes for the year 1872. It was not denied that he had collected a portion of said taxes, which he had neglected and refused to pay over. The sole defence was that the collector had not been appointed by lawful authority; that his bond was therefore null and void, and neither the collector nor his sureties responsible thereon. The court below sustained this position, and instructed the jury to find for the defendants.

By a special law, applicable to Elk county, it is provided that the taxes referred to " shall be collected by the constables of the respective townships, upon warrants and duplicates issued by the supervisors." See Act of 1855, Pamph. L. 240, and Act of 1864, Pamph. L. 157. In pursuance of these acts, the township supervisors tendered the tax duplicates to the constable, who declined to receive them and refused to act. The supervisors then appointed one of their own number, Virgil S. Wheeler, collector of said taxes, who gave the required bond, which was duly approved. It was

[Township of Ridgway v. Wheeler.]

upon this bond that the present suit was brought. It is in the usual form and recites the fact that "the said Virgil S. Wheeler has been duly appointed collector of road and sidewalk taxes for the year 1872." Assuming there to have been such an irregularity in the appointment as would have enabled a taxpayer to resist the payment of his tax, it is difficult to see how either Wheeler or his surety can defend upon this ground in the face of the recital in the bond that he had been duly appointed collector. He was certainly a *de facto* collector, and it was urged on behalf of the township that the appointment was good *ex necessitate*. We are of opinion that this point was well taken. Under the general law of 15th April 1834, sect. 31, Pamph. L. 515, it is provided that "the supervisors and overseers of the poor of every township shall annually, at a meeting to be convened for the purpose, appoint some suitable inhabitant of the township to be collector of the township rates and levies;" and by the 39th sect. of said act: "If in any township there shall not be a treasurer elected or appointed, it shall be the duty of the supervisors and overseers of the poor of the township, either by themselves or by a proper person duly authorized by them respectively, to collect the township rates and levies by them respectively laid." This being a general law, is in force in Elk county, except in so far as it is displaced by the special laws referred to. In case of the repeal of the special laws, the general law would of course come in to take their place. So it would be in force to supply any *casus omissus* in the special laws. The latter provide, as we have stated, that the constable shall collect the taxes. He refuses to do so. How are the taxes to be collected? To proceed against the constable for his refusal would not remedy the difficulty. The necessities of the township require that the taxes should be collected. The supervisors are required by law to keep the roads and bridges in proper order, and are liable to indictment for a neglect of this duty. How is it possible to perform it unless the township rates and levies are collected? The special acts having been rendered inoperative temporarily by the refusal of the constable to act, we see no reason why the supervisors may not appoint a collector under the powers conferred upon them by the Act of 1834. There is a clear *casus omissus* in the special acts, and to that extent the Act of 1834 comes in to supply their place. We regard the appointment as legal and the bond good. The collector having received the money, must pay it over.

Judgment reversed, and a *venire facias de novo* awarded.