## Apple *versus* County of Crawford.

1. Where it is the official duty of a sheriff to board the prisoners in the county jail, the sum secured to him by law as compensation for this service is an "emolument," within the meaning of the constitution of Pennsylvania, Art. III, § 13, which cannot be increased or diminished during his term of office. Nor can the law be so altered during such term as to make the amount of said compensation rest in the discretion of a majority of the judges of the Court of Quarter Sessions.

2. The word "emolument" in said Art. III, § 13, imports any perquisite, advantage, profit or gain arising from the possession of an office.

February 6, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.

ERROR to the Court of Common Pleas of *Crawford county:* Of January Term, 1883, No. 334.

Case stated, wherein Andrew G. Apple was plaintiff, and the County of Crawford defendant; being a claim by the said plaintiff for certain arrears of compensation alleged to have accrued to him during his term of office as sheriff of the said county.

By the case stated the following facts appeared:

A. G. Apple was duly elected sheriff of Crawford County in November 1878, and entered upon the duties of his office on January 6, 1879, performing the same in the said county for the years 1879–1880 and 1881, being his full term.

By the Act of Assembly approved April 8, 1867 (P. L. 909) the county of Crawford was required to pay the sheriff the sum of fifty cents a day for boarding each prisoner or other person confined in the jail of said county. By the Act of June 4, 1879 (P. L. 82) the Act of 1867 was repealed. For the year 1879, the county of Crawford paid to said sheriff the sum of fifty cents per day for all persons confined in the jail as required by the Act of 1867. But for the year 1880 the defendant paid the plaintiff $1896.07 at the rate of $2.50 per week, that being the rate fixed by the Court of Quarter Sessions of said county prior to the Act of 1867 under the provisions of the Act of March 5, 1858 (P. L. 70). And for 1881 defendant paid plaintiff the sum of $1351.42, being at the same rate of $2.50 per week.

If the plaintiff was legally entitled to receive from the defendant for the board of prisoners in the county jail the sum of fifty cents per day for each prisoner for the years 1880 and 1881, then there was due the plaintiff for the year 1880 the sum of $758.93, on which interest was claimed from January 1, 1881; and for the year 1881 the sum of $540.50, on which interest was claimed from January 1, 1882.

The plaintiff asked judgment for $1,412.01, which included interest to January 1, 1883, if the court should be of opinion that he was entitled to the sum of fifty cents per day for the boarding of prisoners for the years 1880 and 1881. Otherwise judgment was to be entered for the defendant.

The court, CHURCH, P. J., delivering the opinion, entered judgment for the defendant on the case stated; whereupon the plaintiff took this writ, assigning for error said action of the court.

*W. R. Bole*, (with whom was *H. L. Richmond, Jr.*,) for the plaintiff in error.—The price fixed by law, at the time the plaintiff became the sheriff of Crawford county, for the discharge of his various official duties, including the boarding of prisoners confined in the jail, was, we contend, the salary and emoluments, that he was entitled to receive during his term.

This compensation, however made up, constituted his salary and the emoluments of his office, and cannot be increased or diminished during his term of office: Const. of Pa., Art. III, § 13.

*James W. Smith,* for defendant in error.—The allowance for board of prisoners in county jails is no part of the salary or emolument of the sheriff, within the meaning of Sec. 13 of Article III. of the Constitution. First, because the sheriff is merely an agent to disburse county funds in boarding the prisoners, and is allowed no profit therefrom. Second, because the words of the prohibition of the constitution do not necessarily or ordinarily embrace the subject matter for which they are invoked by the plaintiff in error; and lastly, because the legislature has construed the constitutional clause in question as inapplicable to the allowance for board of prisoners. The legislature has power to abolish an office during the term of the holder. Donohugh *v.* Roberts, 11 W. N. C., 186. It is certainly no greater exercise of legislative power to diminish the allowance to be paid the sheriff for the boarding of prisoners during his term.

Mr. Justice GREEN delivered the opinion of the court, February 18, 1884.

The plaintiff, Apple, was elected sheriff of Crawford county in November, 1878, and entered upon the duties of his office on the 6th of January, 1879. He served his full term of three years, 1879, 1880 and 1881, performing the duties of his office during the entire period. It was one of the duties of his office to board the prisoners of the county. The compensation to be paid for the performance of this duty was regulated from time to time by Acts of Assembly passed for that purpose. Thus by Act of 11th April, 1856, P. L., 314, it was enacted that the compensation should be fixed by the Court of Quarter Sessions of the respective counties. By the Act of 5th March, 1858, P. L., 70, the Act of 1856 was repealed as to the counties of Erie and Crawford, and it was provided that the compensation should be fixed by a majority of the judges of the Court of Quarter Sessions, provided it should not exceed two dollars and fifty cents per week. By Act of 8th April, 1867, P. L., 909, it was enacted that from and after the passage of this Act the county commissioners of Crawford county shall pay to the sheriff of said county the sum of fifty cents per day for boarding each prisoner or other person confined in the jail of said county. This was the law in force when Sheriff Apple was elected, and under it he was paid according to its terms for the boarding of prisoners during the year 1879. By

an Act passed June 4, 1879, the Act of 1867 was repealed, and this restored the Act of 1858, under which the county paid the sheriff two dollars and fifty cents per week for each prisoner during the years 1880 and 1881. The difference between that sum and three dollars per week is claimed in the present proceeding. The question arising is whether the compensation fixed by the law of 1867 was such an emolument of the plaintiff's office of sheriff, as that it could not be diminished by the law of 1879, which was passed during his term. We think it was. Section 13 of Article III of the Constitution, provides that "no law shall extend the term of any public officer, or increase or diminish his salary or emolument after his election or appointment." That the sheriff is a public officer, coming within the operation of this constitutional provision, cannot be doubted. The boarding of the prisoners was certainly one of his official duties imposed upon him by law. For the performance of this duty he was entitled to receive a compensation which was definitely fixed by law at the time of his election. While this compensation could hardly be called a salary, it seems to us that it is included within the larger and broader term "emolument." In Webster's Unabridged Dictionary the word "emolument" is thus defined : " The profit arising from office or employment; that which is received as a compensation for services, or which is annexed to the possession of office as salary, fees and perquisites; advantage ; gain, public or private." We think the word imports more than the word salary or fees, and because it is contained in the Constitution in addition to the word "salary" we ought to give it the meaning which it bears in ordinary acceptation. By the definition above given it imports any perquisite, advantage, profit or gain arising from the possession of an office. The service which it compensates is official service and is compulsory. If the amount fixed be an insignificant sum, it would constitute a serious objection to an acceptance of the office, whereas if it be sufficient to afford a moderate profit it would constitute an inducement to the citizens to accept the office. It enters, therefore, probably quite as much as salary or fees, into the considerations which determine the acceptance or rejection of the official position to which it is annexed. Why should it not be protected as well as salary or fees? If the amount of this compensation is to be determined at the mere arbitrary discretion of the judges of the Quarter Sessions, they may make the amount so low as to entail pecuniary loss upon the official, and thus deprive him of all benefit of his office. So far as the constitutional protection is concerned, we can see no difference between this portion of the profit of the office and that which is represented

by the salary or fees which belong to it.  We are of opinion therefore, that the plaintiff was entitled to a continuance of the same compensation which he agreed to receive by accepting the office of sheriff, as it was fixed by law at the time of his election, and that the law of 1879 is inapplicable to his case. The judgment of the court below is reversed, and judgment is now entered in favor of the plaintiff on the case stated for fourteen hundred and twelve $\frac{01}{100}$ dollars, with interest thereon from January 1, 1883, and costs.