## Mead Township, Appellant, *v.* Couse et al.

[Marked to be reported.]

*Road law—Road masters in Warren county—Bonds—Acts April 15, 1834, and April 12, 1869.*

Under the act of April 12, 1869, P. L. 879, relating to Warren county, and providing that road masters of a township shall collect the road tax and "shall have all the power and authority which is vested in collectors of county and state taxes by existing laws," road masters are tax collectors, and must file the bond required of tax collectors by § 32 of the act of April 15, 1834, P. L. 509.

*Collector of taxes de facto—Defence.*

A de facto collector of taxes cannot be heard to deny the validity of his appointment: Ridgway Twp. v. Wheeler, 90 Pa. 450.

Argued May 4, 1893. Appeal, No. 454, Jan. T., 1893, by plaintiff, from judgment of C. P. Warren Co., June T., 1893, No. 13, in favor of defendants, W. R. Couse ahd Roger Mooney, on case stated. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and THOMPSON, JJ.

The case stated was as follows :

" That at the election of township officers for Mead township, Warren county, Pa., in February, 1891, the said W. R. Couse was duly elected as one of the road masters of said township, for district No. 1, in pursuance to the provisions of the act of assembly of 9th of April, 1844, and its several supplements, relating to the roads and the collection of road taxes in the several townships of said county, which said special laws are made a part of the case stated.

" That as such road master the said W. R. Couse was entitled to receive from the road commissioners of said township the tax duplicate for the year 1891, containing a list of the taxpayers in his district No. 1 (with a warrant therein to him as collector), and the amount of road tax assessed against each of the said taxpayers, that he might proceed to the performance of his duties as road master and as collector of road taxes in said district No. 1, in said township of Mead, and duly enforce the collection of said road taxes for said year.

" That before the road commissioners of said township would give him the said duplicate or permit him to enter upon the

performance of his duties as such road master and collector of the road taxes in his said district for the year 1891, they exacted from him that he should give a bond for the faithful performance of his duties, and for the collection and paying over the whole amount of the taxes assessed in said duplicate. That for the purpose of obtaining said duplicate, said W. R. Couse in May, 1891, gave the bond of which a copy is hereto attached and made a part of this case stated, and procured the other defendant Roger Mooney to become his surety in said bond.

" That at a meeting of the road commissioners and auditors of said township on or about April 1, 1892, said W. R. Couse attended, and upon his settlement with them it was found that he had collected the sum of $191.28, which had not been paid over of said road taxes or otherwise accounted for, and no part of said sum has since been paid.

" If, in the opinion of the court under these facts as above set forth, the said W. R. Couse and his surety Roger Mooney are liable to the said township for the amount of said road tax by reason of said bond so as aforesaid exacted from said Couse, the judgment to be entered for the plaintiff for $191.28, with interest from April 1, 1892, and costs," etc.

Judgment for defendants on case stated. Plaintiff appealed.

*Error assigned* was entry of judgment as above.

*Samuel T. Neill, J. W. Dunkle* with him, for appellant, cited: Act of April 15, 1834, P. L. 509 ; Stoneboro v. Jenkins, 2 Pa. C. C. R. 300 ; Com. v. Sheppard, 2 Clark, 393 ; Acts April 8, 1844, P. L. 230 ; March 15, 1848, P. L. 163 ; April 12, 1869, P. L. 879 ; Ridgway Township v. Wheeler, 90 Pa. 450.

No brief or argument contra.

OPINION BY MR. JUSTICE GREEN, July 19, 1893:

There is no doubt that under the 31st section of the act of April 15, 1834, P. L. 509, " relating to county rates and levies and township rates and levies," it was the right and duty of the supervisors and overseers of the poor of every township to appoint, at an annual meeting called for the purpose, some suitable inhabitant of the township to be collector of the township rates and levies.

And under the 32d section of the act it is equally clear that the person appointed as such collector should give a bond with surety for the faithful performance of his duties.

When the special law for the counties of Warren, McKean and Venango, was passed, on April 8, 1844, P. L. 230, creating the office of commissioners of roads, and directing them to take charge of all roads and bridges in those counties, those officers became clothed with the functions of the supervisors and overseers in all matters relating to the levying and collecting of all taxes for road and bridge purposes. By the 7th section of this act the road commissioners were required to issue their warrant to the constable of the township, for the collection of the money due from the taxables, and the constables were required to execute such warrant by collecting the taxes, for which service compensation was provided. There was no necessity for requiring that the constables should give bonds for the collection of these taxes, as their official bonds would be security for the performance of this as of all their other duties, and no new bond was provided for by the act.

By the 5th section of the act of 1844 the commissioners were directed to appoint road masters whose duties were defined.

By the 2d section of an act passed March 15, 1848, P. L. 163, supplementary to the act of April 8, 1844, the road commissioners were required to issue their tax duplicates to the road masters, instead of the constables, and the part of the 7th section of the act of 1844 which required the constables to collect the taxes was repealed. No provision was made for any bond to be given by the road masters.

By an act passed April 12, 1869, P. L. 879, the road commissioners of the several townships of Warren county were empowered to levy a road tax of two cents on the dollar of the assessed valuation of the taxable property of the township, and by the second section of the act the road masters of the township were required to collect the taxes, and for that purpose it was provided that they " shall have all the power and authority which is vested in collectors of county and state taxes by existing laws and shall be liable for the faithful discharge of their duties."

The road masters of the township thus became the tax collectors.

The 14th section of the act of 1848 provided " that the existing road laws of this commonwealth, so far as they are supplied or altered by this act, be and the same are hereby repealed so far as relates to Warren, Venango and McKean counties." Of course in all respects in which the road laws were not supplied or altered by the act of 1848, they still remained in force in those counties.

It is certainly true that the 31st and 32d sections of the act of 1834, which required the supervisors and overseers of every township to appoint annually a collector of the township rates and levies who should give a bond, were never changed, except in so far as the acts of 1848 and 1869 required the tax duplicates to be issued to the road masters, and that the road masters, instead of the constables, should collect the road taxes in the several townships of these particular counties. Now, the 32d section of the act of 1834 required that " every person appointed collector of township rates and levies shall give a bond with surety, or a bond with mortgage of real estate to the satisfaction of the supervisors and overseers of the poor of the respective townships." When road masters were directed by the acts of 1848 and 1869 to collect the road taxes, they became collectors of township rates and levies, and when road masters were appointed by the road commissioners of the townships of these counties, under the 5th section of the act of 1844, they filled the description of the 32d section of the act of 1834, as being persons appointed collectors of township rates and levies. The office was general, and to it was attached the duty of giving bond. The acts of 1844, 1848 and 1869 simply changed the appointing power from supervisors and overseers to road commissioners, but the appointees necessarily fulfilled the functions of collectors of township rates and levies. As such they should give bonds precisely as the same functionaries under the act of 1834 were obliged to do. All of this is substantially decided in the case of Township of Ridgway v. Wheeler, 90 Pa. 450, in which a constable having refused to collect certain road and sidewalk taxes, the supervisors appointed one of their own number to be collector, who gave a bond with surety upon which the action was brought. Defence was made on the ground that the bond was void because there was no authority to make the appointment. But we held that the collector was

de facto collector and he could not be heard to deny the validity of his appointment, and also that the appointment was good ex necessitate.   And we further held that the 31st section of the act of 1834, authorizing appointments of collectors, was a general law which was applicable unless it was displaced by the special laws relating to the townships, which it was not, and that it was sufficient to supply a casus omissus in the special laws.   Under any of these points the bond given in the present case can be sustained, but we think it was a valid bond for the reasons hereinbefore stated.   We therefore sustain the assignments of error.

The judgment of the court below is reversed, and judgment is now entered here in favor of the plaintiff and against the defendants for one hundred and ninety-one $\frac{28}{100}$ dollars, with interest from April 1, 1892, and with costs of suit.