## Miller v. North Versailles Township et al.

*Joseph L. Best*, for plaintiff.
*M. E. Evashwick*, for defendants.

ELDER W. MARSHALL, J., June 9, 1937.—This is a bill in equity filed by the collector of taxes in a township of the first class wherein the township, the commissioners of the township and the officers of the board of township commissioners are defendants. The bill seeks to have declared illegal and void a certain township ordinance purporting to fix the plaintiff's compensation, on the ground that the rate of compensation therein fixed is grossly inadequate. The material pleadings are the bill of complaint, an amendment thereto and defendants' answer. The sole issue is whether the rate of compensation fixed in the ordinance is so grossly inadequate and unreasonably low that the passage of such ordinance was an abuse of discretion on the part of the township officials.

### Findings of fact

1. Jane M. Miller, plaintiff, was elected treasurer of North Versailles Township on November 7, 1933, and thereby became ex-officio collector of township taxes for the years 1934, 1935, 1936, and 1937. The Township of North Versailles is a township of the first class in Allegheny County, Pennsylvania; Joseph Tomasic, Hugh F.

James, Michael Urbanski, Donald F. Bell, James Carter, Charles McCue, Jr., and Albert Arendas, defendants, are members of the board of commissioners of said township; and said Joseph Tomasic and Michael Kenders, the remaining defendants, are respectively president and secretary of such board of commissioners.

2. By ordinance adopted on October 2, 1933, by the then members of the Board of Commissioners of North Versailles Township by a vote of four to three, the compensation of the township treasurer for his duties as treasurer and tax collector for the township was fixed at the rate of 2½ percent of all township taxes received or collected by him for the years 1934, 1935, 1936, and 1937. Such action was taken pursuant to section 802 of The First Class Township Law of June 24, 1931, P. L. 1206.

3. Jane M. Miller, plaintiff, had been the duly elected and qualified treasurer of North Versailles Township for the years 1930, 1931, 1932, and 1933, and prior to the adoption of the ordinance of October 2, 1933, her compensation had been five percent of all township taxes received or collected by her and one percent on all other moneys received or collected by her for the township.

4. Prior to the passage of said ordinance, plaintiff in performance of her duties as treasurer and tax collector was obliged to send notice of tax to each of the taxables appearing on the tax duplicate, to maintain an office where taxes could be paid at any time, to receive all payments of taxes, to deposit in bank from time to time all taxes and other moneys received by her on behalf of the township, to prepare and furnish to the board of township commissioners a monthly report showing the name of each person paying taxes and the amount paid by him, and as to owners of real estate who failed to pay taxes after two or three written notices, to enter such unpaid taxes in the prothonotary's office as liens against the properties involved. In the filing of such liens it was necessary for plaintiff to prepare an itemized list of the names and

amounts of unpaid taxes as also a brief description of each parcel of real estate on which taxes had not been paid. The preparation of such list for the purpose of entry of liens necessitated plaintiff's working for a period of from three to four weeks. Following the passage of such ordinance plaintiff was obliged not only to perform the duties before mentioned, but also by virtue of recently enacted legislation, to accept payment of current township taxes in five instalments throughout the year, when requested, and also in certain instances to accept same in five annual instalments. By reason thereof, plaintiff's labors were increased and she was obliged to keep an additional set of books. Furthermore, following the adoption of such ordinance, approximately 200 taxpayers were permitted to work out their taxes, for which plaintiff was required to issue receipts, upon certificate of the township road authorities, and this also necessitated extra work on which no compensation could be claimed. The township commissioners have been accustomed to levy not only an annual road tax but also an annual special tax, thus necessitating plaintiff's keeping two separate sets of tax accounts. As township treasurer, plaintiff is obligated to keep a record of the various appropriation accounts of the township, of the various moneys received on behalf of the township, and of all warrants drawn upon her by the township commissioners for payment of township expenditures.

5. On the annual tax duplicates furnished to plaintiff by defendants there are approximately 3,500 taxables, and as to each of same plaintiff is obliged either to collect the tax, enter same as lien, or procure an exoneration from collection. In recent years the collectible portion of tax duplicates has been decreasing; in 1932 it was but 42 percent; in 1933, 38 percent; in 1934, 40 percent; in 1935, 33 percent, and in 1936, 37 percent. The result has been that the amount of taxes entered as liens, on which plaintiff receives no commissions, has been increasing, and while plaintiff's labors have been increased since

1933, the amount of collectible taxes on which she may receive commissions has been decreasing.

6. While defendant township is accustomed to furnish to plaintiff receipt books, report blanks, forms of notices and other stationery, and to pay plaintiff's expense for postage, plaintiff herself has been obligated to pay an annual premium on her bond as treasurer, an annual premium on insurance covering her collections, certain traveling expenses in going about the township collecting taxes and in taking her collections to the bank for deposit, and also the rental of the office which she maintains and the light, heat and other expense thereof. The total cost to plaintiff of such expenses for the years 1934, 1935, and 1936 was approximately $560. Because plaintiff is also collector of school taxes in said township, one half of said annual expenses of $560, or $280, is properly apportionable to the collection of township taxes and a like amount to the collection of school taxes.

7. The total amount of township taxes for the year 1935, as shown by the tax duplicate delivered to plaintiff, was $31,945.74. Of this amount, plaintiff was able to collect only the sum of $10,769.16 during the year 1935, and her commission on the same at the rate fixed by said ordinance was $269.24. The total amount of township taxes for the year 1936, as shown by the tax duplicate delivered to plaintiff, was $33,485.75. Of this amount, plaintiff was able to collect only the sum of $12,639.37 during the year 1936, and her commission on the same at the rate fixed by said ordinance was $315.99. It is unlikely that plaintiff will collect more than 50 percent of the total taxes shown on the 1935, 1936, and 1937 duplicates before closing the same by exonerations and the entry of liens. If plaintiff is able to collect one half of such duplicates, her total commissions under said ordinance will be: For the 1935 duplicate, $399.32; for the 1936 duplicate, $418.57, and deducting from each of said amounts the sum of $280 as the cost of conducting her office, there will remain to plaintiff as her total com-

pensation for collecting 50 percent of the 1935 duplicate, $119.32, and for collecting 50 percent of the 1936 duplicate, $138.21.

8. In view of the increased labors of the township treasurer and tax collector subsequent to the year 1933 and the limited portion of the tax duplicates for the years 1934 to 1937, inclusive, which will be collectible, the rate of 2½ percent on all taxes collected and to be collected by plaintiff for defendant township for the years 1934 to 1937, inclusive, as fixed by the ordinance was and is so slight and inadequate as to be an unreasonable rate of compensation for the labors and responsibilities involved.

9. Both before and at the time of the delivery to her of the duplicate of the 1935 township taxes, plaintiff informed the defendant commissioners that she protested the amount and rate of compensation as fixed by said ordinance and that she did and would object to the legality of the action of the board of commissioners in fixing the tax collector's compensation at 2½ percent of all collected taxes, and that she reserved the right to take action toward obtaining an adequate rate of compensation for her services as tax collector. There is no evidence that such protest, objection, or reservation was made at the time the duplicate for the 1934 township taxes was delivered to plaintiff.

10. There is no evidence that in reducing the compensation payable to the township treasurer and tax collector by adoption of the ordinance aforesaid, the board of commissioners of defendant township acted from an improper or unlawful motive.

## Discussion

This case does not necessitate an extended discussion. When the ordinance of October 2, 1933, was adopted, the parties were in the midst of the depression and while there is some insinuation that the action in reducing the tax collector's compensation was for political reasons, the evidence is insufficient to justify a finding that such

was the fact. We must assume, and defendants' proofs indicate, that the board of commissioners were actuated by a proper motive.

However, the evidence is clear that the action taken was somewhat precipitate, certainly without an adequate investigation as to the actual amount of compensation likely to be realized by the tax collector shortly thereafter to be elected, at the proposed new rate. We cannot disregard the uncontradicted proof that plaintiff is obliged to spend actually $560 in order to fulfil the duties of her position. She collects both township and school district taxes and therefore one half of this expense is properly chargeable against her earnings from school taxes and one half against her earnings from township taxes. No one could well ignore the fact that in 1932 and in 1933 the taxpayers of North Versailles Township were paying to the tax collector approximately 40 percent of the total taxes levied. The remainder were being entered as liens, by reason of nonpayment. The ordinance expressly provided that the collector's commissions should be computed only on the taxes collected. The township authorities, had they analyzed the situation, would have found, as we have found, that there was no likelihood that more than 50 percent of the tax duplicate for the next several years could be collected. When the revised rate of compensation as established by the ordinance is computed on 50 percent of the tax duplicates for 1935 and 1936, and the collector's expense of $280 is deducted from each of said amounts, the difference of $119 in one instance and $138 in the other represents the utmost compensation that plaintiff could receive under the ordinance for the innumerable details of her work as collector of taxes and treasurer of the township for the entire year.

When it is remembered that recent legislation has inceased the duties of tax collectors and added to the detail of the work required of them, it is obvious that the net result of the adoption of the ordinance was to reduce the collector's compensation to a point where it would be

almost negligible. This the legislative body may not do, even though they act with the best of intentions and with the purest of motives. There is no alternative save to find that the ordinance is so unreasonable in its terms as to evidence an abuse of discretion in its passage, and hence to strike it down and declare it inoperative. Had there been evidence that plaintiff accepted the 1934 duplicate under protest, it would be proper to declare the ordinance inoperative as to commissions to be earned and taxes collected under such duplicate. There is no such evidence, however, and hence the ordinance can be declared void only so far as it would apply to the commissions payable on taxes for the years 1935, 1936, and 1937. Failure to protest when the duplicate is delivered will estop a collector from claiming a greater rate of compensation than that apparently prevailing at the time: Miller v. School District of North Versailles Twp. et al., 123 Pa. Superior Ct. 65.

For the guidance of those concerned, it is proper to direct attention to the fact that with the ordinance stricken down as to plaintiff's compensation based on the 1935, 1936, and 1937 duplicates, the rate of compensation reverts to that which was in force immediately prior to the adoption of the ordinance.

### Conclusions of law

1. The rate of compensation fixed in the ordinance of October 2, 1933, is so grossly inadequate as to be unreasonable.

2. The adoption by the commissioners of defendant township of an ordinance fixing a grossly inadequate compensation for the township treasurer and tax collector was such an abuse of discretion as to render the ordinance illegal and void.

3. Plaintiff is estopped from complaining against the rate of commission payable to her under the terms of the ordinance of October 2, 1933, on the duplicate of township taxes for the year 1934.

4. So far as plaintiff's compensation for collecting township taxes for the years 1935, 1936, and 1937 is concerned, the ordinance adopted on October 2, 1933, is illegal and void, and a decree should be entered declaring such ordinance null and void so far as plaintiff's compensation for said years is concerned.