## Strunk v. Hershey et al.

*W. Albert Ramey*, for plaintiff.

*Edward T. Kelly* and *Smith & Maine*, for defendants.

SMITH, P. J., November 1, 1937.—In this case plaintiff has filed an action of assumpsit with a statement of claim averring that he was duly elected constable for the third ward of Clearfield Borough; that he attended to his duties at the primary election of September 14, 1937, that he has requested payment of his fee of $5 therefor from the county officials, and that they have refused to pay him, wherefore he brings suit for the sum of $5.

One question raised in the affidavit of defense being that the averments of the original statement were insufficient as to what was actually done in attendance at the primary, plaintiff amended so as to aver attendance during the full time of the election and during the time of counting the votes at the two polling places in the third ward, being unable to get a deputy to serve in the precinct where he does not reside, and that he devoted the entire time on that day to his services in such attendance.

On this amended statement and the affidavit of defense raising questions of law filed by the county solicitor the matter was argued.

The question, therefore, is whether or not a constable is entitled to compensation for performing the duties imposed upon constables at primary elections.

The Pennsylvania Election Code of June 3, 1937, P. L. 1333, article XII, sec. 1207, provides in part:

"The constable of each borough, township or ward, or his deputy, shall be present at the polling place in each election district of such borough, township or ward at each primary and election during the continuance thereof, and while the votes are being counted, for the purpose of preserving the peace, and shall serve in all elections without compensation."

It is the contention of plaintiff that this act is unconstitutional so far as it requires constables in office at the time of its enactment to serve without compensation.

Plaintiff points to the Constitution of Pennsylvania, article III, sec. 13, which reads: "No law shall extend the term of any public Officer, or increase or diminish his salary or emoluments, after his election or appointment." The cases of Commonwealth v. Kromer, 4 Pa. C. C. 241, Rupert v. Chester County, 13 Pa. C. C. 342, and Gessner v. County of Lehigh, 6 Leh. L. J. 129, are cited as authorities that constables are public officers within the meaning of this section. Plaintiff also cites the case of Evans v. Lloyd, Controller, 12 Dist. R. 380, in which it was held a constable elected in 1896 could not recover fees according to Acts of June 15, 1897, P. L. 165, and July 2, 1901, P. L. 609, for services making returns of violations of the liquor laws and attending general and local elections during his term, and that his compensation must be measured by the law as it existed prior to his election, namely the Act of June 10, 1893, P. L. 419, which made no provision for payment for such services. To the same effect are Hancox v. Venango County, 20 Pa. C. C. 508, and Hulsizer v.

Northampton County, 19 Pa. C. C. 385. Apple v. County of Crawford, 105 Pa. 300, applies the same rule to sheriffs.

So far as elections are concerned, the Code of 1937 imposed no new duty on constables, but required them to do substantially what was their duty under existing legislation, namely to attend the polls for the purpose of preserving the peace during the voting hours and the period of counting the votes. These duties were prescribed by the Act of July 2, 1839, P. L. 519, sec. 111, 25 PS §1922, and the Act of 1893, supra, sec. 28, as amended by the Act of April 29, 1903, P. L. 338, sec. 5. For these services the Act of July 20, 1917, P. L. 1158, as amended May 23, 1919, P. L. 274, 13 PS §61 (constables' fee bill), provided "for attending general, special, township, ward, or borough election, five dollars" and in districts "in which there are more than one election districts or precincts, and a deputy constable is appointed to attend an election held at each of such districts or precincts, said deputy constable shall each receive the sum of five dollars."

We note that among the acts expressly repealed in the Pennsylvania Election Code of 1937, supra, are the following: The Act of 1839, supra, absolutely; the Act of 1893, absolutely; the Act of 1903, supra, absolutely; the Act of July 12, 1913, P. L. 719 (the primary election act), absolutely; the Act of 1917, supra, insofar as it relates to fees for constables for attending elections; the Act of 1919, supra, absolutely.

Insofar as elections are concerned, therefore, what the Pennsylvania Election Code of 1937 seeks to do is to impose upon the constable the same duties as he had before, but to take away from him the compensation to which he was entitled under previous legislation. Under the well-considered line of decisions above cited, which have been accepted as the law for a long period of time, such reduction of the emoluments of the office cannot be made, and the code is therefore unconstitutional insofar as it applies to constables in office at the time of its enactment and seeks to deprive them of the fee.

The situation as to primaries, however, while related to the one above discussed, is somewhat different. The Acts of 1839, 1893, and 1903, were enacted prior to the time when supervision of primary elections was assumed by the State, which occurred in 1913. The Uniform Primaries Act of 1913, which provided the system for conducting primaries, contains no provision making it the duty of constables to attend the primaries; nor do we find any later act imposing such a duty. It is argued that the language of section 11 of the Act of 1913, that "Primaries shall be conducted in conformity with the laws governing the conduct of general elections, in so far as the same are not modified by the provisions of this act or are not inconsistent with its terms", imposes such a duty, but this would seem a forced interpretation. It is also argued that it has become customary for constables to attend primaries and to be paid as at elections; but in view of the severe penalties for nonfulfillment of a constable's duties we think no such duty could arise either by implication or by custom, but must be found in the express language of some statute. Prior to the code, therefore, there was no statutory requirement that the constables must attend primaries. So far as the primaries are concerned, therefore, we conclude that there was not simply an attempt to take away compensation for a duty previously existing, but an attempt to impose an onerous duty not previously existing, subject to heavy penalties for nonperformance, without provision for compensation. Upon the authority of Commonwealth v. Kromer, supra, it would appear that the code is unconstitutional as to constables in office at the time of its enactment, not only in providing for no compensation, but in the imposition of the duty also. In that case an act of assembly imposed a new duty, namely that of visiting and making returns of violations of the law in licensed places. An indictment was found against the constable for failing to attend to such duties. The court sustained a demurrer to the indictment.

One other argument made for plaintiff is that the lan-

guage of section 1207 of the code, while directing the attendance of the constable at "each primary and election", says that he "shall serve in all elections without compensation", thus not expressly excluding payment for services at the primaries. This contention cannot prevail, however, in view of the definition of the word "election", as contained in section 102 (*f*) of the code, which expressly includes the primary election.

In conclusion, therefore, we find that the Pennsylvania Election Code of 1937 is ineffective to impose a duty upon constables to attend primaries, and, there being no duty likewise under previous legislation, the officer's attendance at the primaries must be regarded as voluntary. As there was no duty to perform the services, there was no liability to pay for them. The affidavit of defense must therefore be sustained.

*Order*

And now, November 1, 1937, in accordance with opinion herewith, the affidavit of defense raising questions of law is sustained and judgment is directed to be entered in favor of defendant.