**James W. KNIGHT**

v.

**ELIZABETH FORWARD SCHOOL DISTRICT, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Nov. 4, 1999.

Decided Dec. 18, 2000.

Gregory Gleason, Pittsburgh, for appellant.

Arnold V. Plum, McKeesport, for appellee.

BEFORE: DOYLE, President Judge, COLINS, Judge, and McCLOSKEY, Senior Judge.

DOYLE, President Judge.

The Elizabeth Forward School District (District) appeals from an order of the Court of Common Pleas of Allegheny County awarding James W. Knight $7,200 in damages and ordering the School District to pay Knight's ongoing expenses for the rental of office space as the tax collector for Elizabeth Township. Under the following rationale, we affirm.

Knight was first elected to the Office of Treasurer of Elizabeth Township, Allegheny County, Pennsylvania, in 1970. Having been re-elected in the municipal election of November 1997, he is currently serving his eighth consecutive term. This term commenced on January 1, 1998, and continues until December 31, 2001. In the course of his duties as Treasurer of Elizabeth Township, Knight also serves as the Tax Collector for the Elizabeth Forward School District. As such he is responsible for collecting taxes levied against the owners of real property within the Township. As Treasurer/Tax Collector, Knight receives an annual salary of $12,294, from the District, from which he must pay any employees he chooses to hire.

Commencing in the year 1974, and continuing for twenty-three years until June 6, 1997, the District provided Knight with a rent-free office, located in the Mount Vernon elementary school building, for the purpose of performing his duties associated with the collection of school taxes. The District also provided utilities, use of the school's photocopy machine and use of rest room facilities. In April 1997, Knight received a letter from the principal of the Mount Vernon School informing him that his use of the office space would be discontinued, as it was scheduled for conversion into part of the principal's new office. He was directed to remove himself, his furniture and his equipment from the building by June 6, 1997. The District offered Knight no other office.

Knight relocated his school tax collection office off of school premises, executing a lease for office space located at 1711 Boston Hollow Road in the Village of Boston, Elizabeth Township, Pennsylvania. The lease was executed at the rate of $400 per month and was in effect from June 1, 1997 until December 31, 1997, the remainder of the term to which he had been elected in 1993. The total rental liability incurred by Knight for this period was $2,733. He also entered into a subsequent lease for the same property, and at the same rate, for

the duration of his subsequent term as Treasurer beginning January 1, 1998 through December 31, 2001. The total rental liability for the term of the second lease was $19,200.

Knight filed a complaint against the District seeking to recover relocation expenses, as well as rental expenses from January 1, 1994 through December 31, 2001.[1] He alleged that the manner in which the District withdrew rent-free office space constituted a violation of Section 36.1 of the Local Tax Collection Law (Law).[2] Section 36.1 of the Law provides, in pertinent part, as follows:

> When any taxing district or taxing authorities propose to either raise or reduce the compensation or salary for the office of an elected tax collector, such action shall be by ordinance or resolution, finally passed or adopted prior to the fifteenth day of February of the year of the municipal election.

72 P.S. § 5511.36a. In conjunction with Section 36.1, Section 34 of the Law provides in pertinent part:

> The township treasurer shall receive for his duties as treasurer and tax collector for the township, a sum equal to five per centum of all township taxes received or collected by him, and in addition thereto, a sum equal to one per centum on all other moneys received or collected by him for the township, unless a different rate or annual compensation shall be fixed by ordinance of the township commissioners: Provided, That in no case shall the total compensation of the treasurer, as treasurer and tax collector for the township, exceed the sum of ten thousand dollars. The township treasurer as collector of township taxes shall be allowed such actual printing and postage expenses as shall be incurred in performing the duties prescribed in this

act. Such amounts shall be adjusted by the township auditor or controller, as the case may be, at the time of auditing the treasurer's account.

> . . . .

> The commission or compensation of the township treasurer, as collector of school district taxes, shall be fixed by the board of school directors, and shall not exceed five per centum of the amount collected. The total cost of such collection shall be reported annually to the Superintendent of Public Instruction and shall be published in his report.

72 P.S. § 5511.34.

The District stipulated that it had discontinued Knight's use of the space without first adopting a formal resolution on or before the prescribed date, as set forth in Section 36.1. However, it affirmatively alleged that because "office space" is not included within the definition of "compensation" found in Section 34 of the Law, the District was under no obligation to adopt any such resolution.

Under the rules of procedure providing for compulsory judicial arbitration, Section 7361 of the Judicial Code (Code), 42 Pa. C.S. § 7361, the arbitrators returned a decision in favor of Knight in the amount of $7,200. In addition, the District was ordered to pay Knight's monthly rental for the tax collection office for the period beginning January 1, 1998 and continuing until December 31, 2001, or until such time as Knight ceases to act as tax collector, if before the end of his current term.

■ The District appealed this decision to the Allegheny County Court of Common Pleas raising as the sole issue whether "office space" falls within the meaning of "compensation" as set forth in the Law. After a trial de novo, Common

---

**1.** The complaint was originally filed as an equity action; however, as a result of preliminary objections filed by the District, the case was transferred to the Arbitration Division of the Court of Common Pleas of Allegheny County.

**2.** Act of May 25, 1945, P.L. 1050, *added by* the Act of May 16, 1951, P.L. 314, *as amended*, 72 P.S. § 5511.36a.

Pleas, relying heavily on *Brocious v. Sandy Township*, 27 Pa. D. & C.3d 744 (1983), concluded that failure to formally adopt a resolution setting forth intended changes in the benefits provided to the office of tax collector, prior to the fifteenth day of February in the year of the municipal election, did indirectly reduce the compensation received by Knight, and thereby violated the provisions of Section 36.1 of the Act. The instant appeal followed.[3]

The District asserts that the cost of "office space" is not included within the definition of the term "compensation" found in Section 36.1 of the Law, and that under Section 1921(a) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(a), this Court is prohibited from disregarding the plain language of a statute in an attempt to discern or engraft some other meaning. Absent explicit enumeration of "office space" as a component of compensation, the District maintains that there is no statutory duty that binds the District to notify Knight before taking his office space for its own use.

■ When construing a statute, we must seek to ascertain and effectuate the legislative intent underlying the enactment of the statute. Section 1921(a) of the Statutory Construction Act, 1 Pa. C.S. § 1921(a). Ordinarily, construction of a statute to determine legislative intent is

necessary only where it will bear two or more meanings. Where the statute is unclear or susceptible to differing interpretations, the courts must look to the necessity of the act, the object to be obtained, the circumstances under which it was enacted, and any legislative or administrative interpretations thereof. *Fonner v. Shandon, Inc.*, 555 Pa. 370, 724 A.2d 903 (1999). The District correctly maintains that where the language of a statute is unambiguous on its face, we are bound to give effect to that language. 1 Pa.C.S. § 1921(a). However, where we, as a court, have interpreted the language used in a statute, subsequent use of that language in enactments of the General Assembly, require the same interpretation. 1 Pa.C.S. § 1922(4).

■ Common Pleas adopted the reasoning found in *Brocious v. Sandy Township*. In *Brocious*, a tax collector serving consecutive terms in office brought an action against Sandy Township seeking reinstatement of certain established fringe benefits, including rent-free office space provided to him during his previous terms as tax collector. As in the instant matter, the township discontinued the benefits after the commencement of the tax collector's term. Although the *Brocious* court concluded that fringe benefits are not compensation,[4]

---

3. We have jurisdiction over this appeal pursuant to Section 762 of the Code, 42 Pa.C.S. § 762. For the purposes of review, an award of arbitrators constitutes an order of a tribunal. 42 Pa.C.S. § 7361(d). This Court may affirm an order of an administrative tribunal where grounds for affirmance exist, even if the reasons relied upon by that tribunal in reaching its decisions were incorrect. *Barnett v. Workers' Compensation Appeal Board (Paul Riggle & Sons)*, 718 A.2d 901, 902 n. 1 (Pa.Cmwlth.1998), *petition for allowance of appeal denied*, 559 Pa. 680, 739 A.2d 544 (1999).

4. There is some case law that would indicate that fringe benefits could be counted as compensation. In *Miller v. North Versailles Township*, 31 Pa. D. & C. 139 (1937), for example, the Allegheny County Court of Common Pleas set aside an ordinance which reduced com-

pensation for the tax collector from 5% to 2½ % of the tax revenues collected, effectively including the expenses of maintaining an office as a component of compensation. In that case, the tax collector was obliged to send tax notices, maintain an office where taxes could be paid at any time, receive payments, maintain tax records, prepare reports and enter tax liens, in addition to numerous other duties, at a time when tax revenues were decreasing. The court noted that by statute, the township was required to reimburse the tax collector's expenses for receipt books, blanks, stationery and postage, but the tax collector herself was obligated to pay the remaining expenses of her office. The court stated: "[I]t is obvious that the net result of the adoption of the ordinance was to reduce the collector's compensation to a point where it would be almost negligible. This the legislative body may not do...." *Id.* at 144–45.

the court then went on to hold that the discontinuance of these benefits *indirectly* reduced the tax collector's compensation by shifting the burden of these expenses directly onto the tax collector. The court further concluded that, by shifting this burden after the 15th day of February in the year of the municipal election, the township acted in violation of Section 36.1 of the Law, 72 P.S. § 5511.36a, which is designed to provide timely notice to all candidates who might seek election to the position of tax collector of any intended changes in the compensation which they would receive. The *Brocious* court further stated that, in its construction of Section 36.1, 72 P.S. § 5511.36a, the General Assembly also sought to prevent tax collectors from having the amount of their compensation reduced as the result of political reprisals. Therefore, that court reasoned that when any taxing authority wishes to reduce the amount of compensation of a tax collector by shifting any expenses incurred in the necessary function of a tax collection office directly onto the tax collector himself, it must first adopt a resolution, setting forth the nature and date of any such changes, prior to the 15th day of February of the year in which the election for that office is to take place.

The District maintains that *Brocious* is inapposite because Sandy Township sought to charge the tax collector for office space previously provided rent free. The District contends that this case is distinguishable because, in the instant matter, the District did not seek rent from Knight but merely discontinued its unofficial practice of providing office space, a provision that is not required by the Local Tax Collection Law. We think this is a distinction without a difference.

The office of tax collector has been in existence in this Commonwealth for over a century. Section 31 of the Act of April 15, 1834, P.L. 509, made it the duty of supervisors and overseers of the poor of each township to appoint a collector of taxes at an annual meeting called for that purpose. *Mead Township v. Couse,* 156 Pa. 311, 27 A. 26 (1893). The Act of June 25, 1885, P.L. 187, entitled "An act regulating the collection of taxes in the several boroughs and townships of this commonwealth," provided for the election of a tax collector in townships and boroughs and in effect separated boroughs from cities as distinct entities. *Rowley v. Greenville Borough School Dist.,* 1912 WL 3757 (Pa.Com.Pl.1912). Section 3 of the Act of May 28, 1907, P.L. 273, abolished the office of township tax collector in townships of the first class and the township treasurer of each respective township was directed to collect the taxes. *Cornman v. Hagginbotham, Township Treasurer,* 227 Pa. 549, 551, 76 A. 721, 723 (1910). Various other statutes have been enacted dealing with the duties, responsibilities, and compensation for a tax collector/township treasurer.

Of greater significance to this matter, however, is Article III, Section 27 of the Constitution of Pennsylvania which provides: "No law shall extend the term of any public officer, or increase or diminish his salary or emoluments, after his election or appointment." [5] In *Commonwealth ex rel. Wolfe v. Moffitt,* 238 Pa. 255, 86 A. 75 (1913), our Supreme Court reiterated earlier case law establishing the tax collector as a public officer. *Id.* at 263, 86 A. at 76 (citing *Houseman v. Commonwealth,* 100 Pa. 222 (1882), which held that the receiver of delinquent taxes in Philadelphia was a public officer). In addition, our Supreme Court addressed the subject of compensation and the emoluments of office at length in *Apple v. Crawford County,* 105 Pa. 300 (1884).

**5.** This constitutional section was not raised in the tribunal below. However, it is well established that a reviewing court may affirm an order if the order is correct for any reason, regardless of the reasons given by the tribunal whose order is under review. *H.M. Stauffer & Sons, Inc. v. Workmen's Compensation Appeal Board (Davis),* 687 A.2d 869 (Pa.Cmwlth. 1996).

In *Apple*, Andrew G. Apple was the duly elected sheriff of Crawford County from 1879 to 1881. Pursuant to the Act of April 11, 1856, P.L. 314, the sheriff's compensation was fixed at $2.50 per week. Under an 1867 Act of Assembly,[6] Crawford County was required to pay the sheriff the sum of fifty cents a day, in addition to his salary, for boarding each prisoner or other person confined in the county jail. By Act of June 4, 1879, P.L. 82, the Act of 1867 was repealed. The county, under the newly enacted legislation, paid the sheriff at the rate of $2.50 per week previously in force under the Act of 1856. The county argued that the allowance for boarding of prisoners was not part of the sheriff's salary and, because the Act of 1879 specified the amount of compensation for the sheriff, that was the total amount he was entitled to receive.

Sheriff Apple contended that his compensation was fixed by law at the time he assumed the duties of sheriff and, therefore, under Article III, Section 13 of the Pennsylvania Constitution (renumbered under the 1967 amendment as Article III, Section 27), his compensation amount, constituting his salary and the emoluments of his office, could not be altered while he occupied that office. The *Apple* Court agreed, and Mr. Justice Green, writing for the Court, said:

> While this compensation could hardly be called a salary, it seems to us that it is included within the larger and broader term ... "emolument" [which] is thus defined: "The profit arising from office or employment; that which is received as a compensation for services, or which is annexed to the possession of office as salary, fees and perquisites...." We think the word imports more than the word salary or fees ... because it is contained in the Constitution in addition to the word "salary".... [W]e can see no difference between this portion of the profit of the office and that which is represented by the salary or fees which belong to it. We are of opinion therefore, that the plaintiff was entitled to a continuance of the same compensation which he agreed to receive by accepting the office ... at the time of his election....

*Id.* at 303. Likewise in the present case, we conclude that receipt of rent-free office space from the District for twenty-three years, in conjunction with Knight's performance of his duties as collector of school taxes for the District, constitutes an emolument of the office of Elizabeth Township Treasurer. As such, under the Constitution of Pennsylvania and the Local Tax Collection Law, this amount may not be reduced without passage of an ordinance or resolution, and we affirm the decision of the Court of Common Pleas of Allegheny County.

### ORDER

**NOW**, December 18, 2000, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.

---

6. Act of April 8, 1867, P.L. 909, repealed by the Act of June 4, 1879, P.L. 82.