## Myers v. Newtown Township School District, Appellant.

Argued April 23, 1959. Before JONES, C.J., BELL, MUSMANNO, JONES, COHEN, BOK and McBRIDE, JJ. Decree affirmed May 28, 1959. Reargument granted June 9, 1959. Reargued June 30, 1959.

*Paul C. Van Dyke,* with him *Cochrane and Van Dyke,* for appellant.

*Fronefield Crawford,* with him *Crawford & Frazier,* for appellee.

OPINION BY MR. JUSTICE BELL, July 24, 1959:

The Local Tax Collection Law, Act of May 25, 1945, P.L. 1050, §35, authorized the Board of School Directors to fix the commission or compensation of the tax collector. The Board of School Directors of the School District of Newtown Township, after a public hearing, passed a Resolution on March 11, 1957, fixing the tax collector's salary, commencing the first Monday of January, 1958, for the collection of real estate school taxes, at $3,000 per annum. Prior thereto Myers had been the tax collector of this township, but had been paid, on a commission basis, far more than $3,000 per annum.

After the Board of School Directors fixed the salary for tax collector at $3,000 per annum for the next four years, Myers, with full knowledge of this fact, ran for and, in the following November, was elected by the people, tax collector. After being elected and taking office, he filed a bill in equity contending that the annual salary fixed by the Board was inadequate, arbi-

trary and unreasonable, and requesting the Court to decree him a higher salary. The lower Court agreed with Myers' contention and entered a Decree which fixed his annual salary at $4,500. From this Decree the School District appealed.

It is a general rule that discretionary power such as was vested in a Board of School Directors is not unlimited, and Equity will intervene in the public interest where the School Board has been guilty of an error or misapplication of law, or of arbitrary action, or of a clear abuse of discretion, especially if it results in an unlawful expenditure of public funds: *Mason v. Hanover Township School District*, 242 Pa. 359, 89 A. 552; *Ritzman v. Coal Township School Directors*, 317 Pa. 271, 176 A. 447; *McLaughlin v. Lansford Borough School District*, 335 Pa. 17, 6 A. 2d 291.

However, the Local Tax Collection Law of 1945 was amended by Act of May 16, 1951, P.L. 314, by adding a new section denominated 36.1, which reads as follows (page 315) : "Section 36.1. When any taxing district or taxing authorities propose to either raise or reduce the compensation or salary for the office of an elected tax collector, such action shall be by ordinance or resolution, finally passed or adopted at least ten days prior to the last day fixed by law for candidates to withdraw their names from nomination previous to the day of the municipal election."

The obvious reason for this amendment was to apprise candidates of the salary the winner would receive if elected, and thus enable candidates to withdraw their names from nomination and election if they believed the (new) compensation or salary was inadequate or unfair. Under the aforesaid amendment it is clear that the *taxing authorities* could not change the compensation or salary for the office of tax collector *subsequent* to the ten-day period fixed by law for candidates to withdraw their names from nomination.

Moreover, a Court does not have any right or power to change Myers' compensation or salary (a) in view of the 1951 amendment, and (b) the further fact that Myers ran for and was *elected by the people* to an elective office with full knowledge of the salary it paid, and (c) Myers did not raise any question or objection to the salary until after he was elected and sworn into office as tax collector.

This is not a mere question of the Board's abuse of discretion in fixing a salary or compensation. To give Myers a right to now seek additional salary is (a) unfair to the electorate, and (b) will be a precedent to open up Pandora's box and permit *many elected* officials to bring a similar post-election suit and ask the Courts for an increased salary (or compensation) when both the electorate and such official knew at the time he was a candidate for election that the law specifically provided a stipulated salary.

*McKinley v. Luzerne Township School District,* 383 Pa. 289, 293, 118 A. 2d 137, is not authority for the proposition that Equity has the power to increase a tax collector's salary under these circumstances.

Decree reversed, costs to be paid by appellee.