## Cooke *v.* Greenville.

418

Argued April 19, 1971, before Judges WILKINSON, JR., MANDERINO, and ROGERS, sitting as a panel of three.

*Anna Belle Jones,* with her *Stranahan & Stranahan,* for appellant.

*Michael Halliday,* for the Borough of Greenville, appellee.

*George Hardy Rowley,* with him *Voorhies, Dilley, Keck, Rowley & Wallace,* for School District of the Borough of Greenville, appellee.

OPINION BY JUDGE ROGERS, June 7, 1971:

Gilbert Cooke, the tax collector of the Borough of Greenville, contends that certain actions taken by the Borough and School District on February 14, 1969, were legally ineffective to reduce the compensation due him during the term to which he was elected in November, 1969.

This action has been termed by the parties and the trial judge an amicable action. An amicable action is properly commenced by the filing with the prothonotary of a written agreement, which supplies process, service and pleadings. Act of 1836, June 13, P. L. 568, Section 40, 12 P.S. 316; RCP 1007 (3) relating to assumpsit; and, here relevant, RCP 1091, relating to mandamus. Mr. Cooke's purpose is to compel performance by political subdivisions of a public act, to wit, that of paying him the compensation allegedly due by law. In a suit in mandamus, the proper defendants would be the officers of the subdivisions concerned in that duty. RCP 1094(a).

There is not in this record a written agreement for an action; there is only a document entitled "Statement of Facts" bearing a caption as follows: "In the Court of Common Pleas of Mercer County, Pennsylvania, Gilbert Cooke v. Borough of Greenville and School District of Borough of Greenville. 210 Sept. 1970." This document merely recites facts agreed to by the parties, reserving the right to provide testimony and other evidence as to additional facts.

The record contains no statement of the form or cause of action and no demand for relief, although implicit in the Statement of Facts are Mr. Cooke's contention that the political subdivisions had not validly altered the tax collector's compensation and the subdivisions' contention that they had. The court's order made after hearing is: "The action of the Borough of Greenville is affirmed. The ordinance of the Borough of Greenville and the resolution of the School District of the Borough of Greenville is [sic] hereby found to have been properly passed, recorded and advertised and the compensation of the plaintiff, Gilbert Cooke, shall be as set forth therein." The procedures here followed lack sanction of common law, statute or rule of court and the order of the court is appropriate only to a deter-

mination made in response to a petition for declaratory judgment.[1]

Despite the deficiencies noted and because the parties do not complain of the form of the decision thus arrived at and expressed, we will, in the interest of ending the controversy, decide this appeal on the merits. RCP 126 and 1003; *see Miller v. Cambria County*, 25 Pa. Sup. 591 (1904).

The learned trial judge correctly decided the issues raised and his order will be affirmed.

Gilbert Cooke, the tax collector of the Borough of Greenville for a term expiring January 1970, had been receiving compensation based upon a percentage of the amounts collected for the Borough and School District. At a special meeting of Borough Council held February 14, 1969, attended by all councilmen except one, there was passed, by the unanimous vote of the councilmen present, an ordinance fixing the tax collector's compensation at $3,200 per year. The mayor approved the ordinance the same day and it was placed in the Borough ordinance book on the next day, February 15. The ordinance was advertised on February 15 and February 25. The Board of Directors of Greenville Area School District met on February 14, 1969 and adopted a resolution fixing its share of the total salary of the "receiver of taxes" at one-third of $9,600 or $3,200. Both the Borough ordinance and School District resolution were effective at the beginning of the term of the tax collector to be elected at the municipal election of 1969. Mr. Cooke filed his nominating petition for the office of tax collector on February 20, 1969. He could have withdrawn his nominating petition on or prior to March 18, 1969, and after his nomination in the prim-

---

[1] Act of 1923, June 18, P. L. 840, Section 2, 12 P.S. 832, such petition could not be here maintained because of the availability of mandamus. *McIlvaine v. McKetta et al.*, 1 Commonwealth Court 262 (1971).

ary could have withdrawn as a candidate for election on or prior to August 11, 1969. He did neither and was elected in November.

The Act of 1945, May 25, P. L. 1050, Section 36.1, added 1951, May 16, P. L. 314, Section 2, as amended, 72 P.S. 5511.36(a) provides: "When any taxing district or taxing authorities propose to either raise or reduce the compensation or salary for the office of an elected tax collector, such action shall be by ordinance or resolution, finally passed or adopted prior to the fifteenth day of February of the year of the municipal election." Appellant contends that the Borough ordinance was not finally adopted because it was not advertised and placed in the ordinance book prior to February 15, 1969. The Borough Code, 1966, February 1, P. L. (1965) 1656, Section 1007, 53 P.S. 46007, conclusively negates this argument in providing that the "enactment of an ordinance shall be the date when the mayor shall approve it." Here, the mayor approved the ordinance on February 14, 1969. It is true that the ordinance could not be considered in force until the purely mechanical acts of advertising and recording were performed, but the Act of 1945 refers to the date of final passage, not to a date when it may be in force.

Appellant's other point with regard to the Borough ordinance relates to its enactment at a special meeting at which one member was absent. He contends that the record being silent on whether the missing member had received twenty-four hours notice of the special meeting as required by Section 1006 of the Borough Code,[2] the ordinance should be held to be improperly enacted. The record is indeed silent on this fact, but it was one on which the appellant, having assumed the position of plaintiff in the amicable action and having asserted the ordinance's invalidity, had the burden. In re: *An-*

---

[2] 53 P.S. 46006.

*nexation of a Portion of South Pymatuning Township,*
409 Pa. 324, 186 A. 2d 13 (1962). The rule of presumed
validity should apply with special force where, as here,
the appellant failed to pursue the statutory remedy
provided by the Borough Code of complaint as to legal-
ity made within thirty days of enactment.[3]

The appellant's sole complaint as to the School Board
resolution is that it. employs the phrase "receiver of
taxes" rather than the "tax collector", and therefore is
not proper notice under the Act of 1945. This conten-
tion is wholly without merit for the reason that the
resolution in its entirety clearly refers to appellant's
elective position of tax collector, not to his additional
appointive position of collector of occupation or other
taxes imposed under the Local Tax Enabling Act, 1965,
December 31, P. L. 1257, 53 P.S. 6901. The resolution
speaks of a total salary of $9,600 and office expenses to
be shared with the Borough and County, which last
named municipality would have no interest whatsoever
in the School District's so-called Act 511 taxes.[4] Fur-
ther, there is nothing in the record to indicate that the
appellant in his capacity as the collector of Act 511
taxes was ever referred to as the receiver of taxes or
that anyone else held a position so titled.

The purpose of the Act of 1945, *supra,* to apprise
candidates for the office of elected tax collector of the
compensation to obtain during the ensuing term was
fully served by the School District's action.

Order affirmed.

---

[3] Section 1010, 53 P.S. 46010.
[4] Act of 1965, December 31, P. L. 1257, 53 P.S. 6901 et seq.