Herbert L. Firing, Plaintiff, *v.* Honorable A. Evans Kephart, Court Administrator, and Honorable Grace M. Sloan, Treasurer of the Commonwealth of Pennsylvania, Defendants.

Argued January 7, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Lee D. Mescolotto,* with him *Santangelo, Lewis & Mescolotto,* for plaintiff.

*Jeffrey G. Cokin,* Deputy Attorney General, with him *Israel Packel,* Attorney General, for defendants.

OPINION BY JUDGE BLATT, April 25, 1975:

Herbert L. Firing (plaintiff) initiated suit in this Court on May 9, 1974 by filing a complaint in mandamus against the Honorable A. Evans Kephart, the Court Administrator of the Commonwealth of Pennsylvania and the Honorable Grace M. Sloan, the Treasurer of the Commonwealth (defendants). The complaint alleges that the plaintiff was elected to the position of District Justice (justice of the peace) for Magisterial District 38-2-01 in Lower Pottsgrove Township in Montgomery County for a six-year term which was to expire on January 1, 1976. On September 29, 1973 the plaintiff reached the age of 70 which the Pennsylvania Constitution in Article V, Section 16(b) prescribes as the age for mandatory retirement of justices, judges and justices of the peace. Upon being forced then to retire, however, the plaintiff requested that the defendants continue to pay his salary until January 1, 1976. When they refused, he brought this suit, asserting principally that Article V, Section 16(a), which guarantees that compensation for justices of the peace shall not be diminished during their terms of office unless by law applying generally to all salaried officers, required the payment of his salary until the end of his elected term. The defendants have filed preliminary objections, asserting, *inter alia,* a demurrer to the plaintiff's complaint.

Preliminary objections in the nature of a demurrer admit as true all facts which are well and clearly pleaded in the complaint but not conclusions or averments of law.

*Erie v. Gulf Oil Corporation,* 395 Pa. 383, 150 A.2d 351 (1959). Moreover, when the sustaining of the defendants' preliminary objections will result in a denial of plaintiff's claim or dismissal of plaintiff's suit, preliminary objections should be sustained only in cases which are clear and free from doubt. *Savitz v. Weinstein,* 395 Pa. 173, 149 A. 2d 110 (1959).

Article V, Section 16, in its entirety, provides:

"Compensation and Retirement of Justices, Judges and Justices of the Peace.

"Section 16. (a) Justices, judges and justices of the peace shall be compensated by the Commonwealth as provided by law. Their compensation shall not be diminished during their terms of office, unless by law applying generally to all salaried officers of the Commonwealth.

"(b) Justices, judges and justices of the peace shall be retired upon attaining the age of seventy years. Former and retired justices, judges and justices of the peace shall receive such compensation as shall be provided by law. No compensation shall be paid to any justice, judge or justice of the peace who is suspended or removed from office under section eighteen of this article or under article six.

"(c) A former or retired justice or judge may, with his consent, be assigned by the Supreme Court on temporary judicial service as may be prescribed by rule of the Supreme Court."

It should also be noted that Section 15(a) sets the "regular term of office" for justices, judges and justices of the peace as follows:

"The regular terms of office of justices and judges shall be ten years and the regular term of office for judges of the municipal court and traffic court in the City of Philadelphia and of justices of the peace shall be six years. The tenure of any justice or judge shall not be affected by changes in judicial districts or by reduction in the number of judges."

The plaintiff here contends essentially that "during their terms of office," as used in Section 16(a), includes the entire six years from the date when the justice of the peace takes office, notwithstanding that his mandatory retirement age may occur before the six years of his term have expired. The defendants, on the other hand, argue that in the application of Section 16(a) the term of the justice of the peace expires on the date of his mandatory retirement.

In interpreting a constitutional provision, we must carefully consider its spirit and intention. *Commonwealth ex rel. Attorney General v. Beamish,* 309 Pa. 510, 164 A.615 (1932). We must also construe a constitutional provision so as to avoid an impracticable or unreasonable result. *Duane v. Philadelphia,* 322 Pa. 33, 185 A.401 (1936).

The purpose of prohibiting the diminishment of compensation for justices, judges, and justices of the peace would clearly seem to be to preserve the independence of the judicial branch of our government. The temptation to reduce judicial salaries in the face of an unpopular decision has by this means been removed from the legislature and, by the same token, judicial officers need not fear such retaliation. "Next to permanency in office nothing can contribute more to the independence of the judges than a fixed provision for their support. . . . In the general course of human nature, a power over a man's substance amounts to a power over his will and we can never hope to see realized in practice the complete separation of the judicial from the legislative power in any system which leaves the former dependent for pecuniary resource on occasional grants of the latter." *Bailey v. Waters,* 308 Pa. 309 at 314, 162 A.819 at 821 (1932) (quoting from Alexander Hamilton in The Federalist No. 79).

The word "term" in the context of Section 16(a), of course, is admittedly capable of differing interpretations. With respect to the tenure of the office of a judge, "term"

may refer to the office, to the fixed and definite period of time which the law prescribes that the office may be held, regardless of the tenures of the various incumbents who might serve in the office during that prescribed term. On the other hand, it may refer to the incumbent of the office, to his time of holding the office during his particular period of incumbency, whether for a whole term or for a part of it. 48 C.J.S. *Judges* §20 (1947). Of course, if we were to read Section 16(a) in the light of the latter interpretation the plaintiff's term obviously expired when he was required to leave office at the age of seventy. Even if we define "term" to mean a "fixed and definite period of time," however, there can be no doubt that the limited period during which the plaintiff held office here met that standard. This is because, unlike when a vacancy occurs because of death or resignation, neither of which can be predicted, the time for mandatory retirement is fixed and inevitable if the incumbent lives. We must conclude, therefore, that the plaintiff's shortened tenure here constituted a "term" even within the narrower definition. It has been held in New York that a judge elected at an age when he cannot, by reason of an age limitation, continue in office for the full term to which he would otherwise serve, is nevertheless elected for a definite term expiring on the date prescribed for mandatory retirement. *See Gingold v. Apps,* 123 N.Y.S. 2d 707, 282 App. Div. 345 (1953). In Pennsylvania, we believe that the holding must be the same. Moreover, we can see no encroachment upon the independence of the Judiciary resulting from the loss of salary upon a retirement which is mandated by the Constitution itself.

We must conclude, therefore, that, although the plaintiff did not serve a "regular term" of six years, his "term" within the meaning of Section 16(a) expired on the date when he reached the constitutionally mandated retirement age.

The plaintiff argues further that the interpretation which we have ascribed to the word "term" would some-

how render Section 16 (c) meaningless. We disagree. The word "term" does not even appear in Section 16 (c), which is a provision merely permitting the Supreme Court to assign former or retired justices or judges to temporary judicial service regardless of the length of the terms they served before resignation or retirement.

The plaintiff also avers injury in that his judicial district was abolished on or about April 22, 1974, which was prior to the completion of his term. Our holding here to the effect that the plaintiff's term expired on September 29, 1973, and that he was mandatorily retired on that date obviously dictates that he cannot now make any claim based upon the subsequent abolition of his district.

We, therefore, issue the following

ORDER

Now, April 25, 1975, the defendants' preliminary objections are hereby sustained.

———

DISSENTING OPINION BY JUDGE KRAMER:

While I agree entirely with the common sense and practical approach of the majority, I must nevertheless dissent on pure constitutional grounds. Under our system of government, the Constitution is the absolute framework. If its language is clear, then it must be enforced, whether the result is practical or impractical. I should also include as an introductory remark that I recognize that the purpose of this lawsuit is the recovery of salary or compensation after mandatory retirement, based upon age, for the remainder of the term of office of this justice of the peace.

Article V, section 15 of the Pennsylvania Constitution of 1968 states clearly that "[t]he regular term of office . . . of justices of the peace shall be six years." It says nothing about "active term" or "reduced term" or any other kinds of lesser terms of office. The clear mandate is a term of

"six years." When a justice of peace receives his official certificate of office, it states the full six years of his term, without any reference to his age or to any reduction to that term because of age. Next, our Constitution in Article V, section 16(b), states that "[J]ustices of the peace shall be retired upon attaining the age of seventy years." There is nothing stated in the Constitution concerning the six-year term of office of a justice of the peace being affected in any way by the retirement because of age. Interestingly, the second sentence of Article V, section 16(b) states that "[f]ormer . . . justices of the peace shall receive such compensation as shall be provided by law." That also is a clear constitutional mandate that the pay of a justice of the peace shall continue as provided by law. There is no statutory or constitutional law providing for salary compensation for a justice of the peace after retirement; the only compensation law refers to the regular salary of the justice of peace, and retirement *benefits* earned for prior service.

The next sentence of Article V, section 16(b) is perhaps the most convincing to me. It states, "No compensation shall be paid to any . . . justice of peace who is suspended or removed from office under section eighteen of this article or under article six." In this sentence the drafters of this constitutional provision chose to set forth with specificity those instances in which the compensation of a justice of the peace shall not be paid. This sentence represents the only statement in the Constitution which restricts the compensation salary of a former justice of peace, and retirement based upon age is not covered by section 18 of Article V or by Article VI. If the drafters of this subsection (b) had intended to include the termination of salary compensation upon retirement at age 70, then obviously all they would need to have done would be to have added the words, "retirement at age 70" as one of the restrictions to the compensation of a justice of peace constitutionally retired. This the drafters did not do and,

therefore, it seems reasonable to conclude that they did not intend the salary compensation to be terminated upon retirement at age 70. If the drafters had not included this last sentence of Article V, section 16 (b), I could concur with the majority. I cannot, however, ignore the fact that this sentence is in the Constitution.

I agree with the principle of retirement based upon age, and would fully support a constitutional amendment to fully terminate a term of office at age 70, but this case must be decided upon the existing constitutional provisions.

The whole point of this dissent is that I believe the Pennsylvania Constitution of 1968 clearly calls for the term of office of a justice of peace to run six years. This term and the age of candidates for office are no secret, and the constitutional scheme is that the voters should decide whether they want the services of an individual for the remaining time that individual may serve before retirement at age 70, with the full knowledge that they, the voters, may be called upon to pay the salary of such an individual for some period of time after mandatory retirement at age 70 until the end of the six-year constitutional term. Our Constitution leaves that dicision to the people and not to the courts.

In summary, although I agree in principle that individuals who are no longer serving in office should not receive their regular salary, I cannot agree that the existing Constitution supports that result.