Myra Blaine v. Wallenpaupack Area School District, Appellant.

Argued April 2, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Marshall E. Anders,* with him *Sidney L. Krawitz,* and *Krawitz, Sigal & Ridley, P.A.,* for appellant.

*Jay R. Rose,* with him *Finan, Beecher, Wagner & Rose, P.A.,* for appellee.

OPINION BY PRESIDENT JUDGE BOWMAN, May 30, 1975:

At issue in this appeal is the interpretation of section 36.1 of the Local Tax Collection Law, Act of May 25, 1945, P.L. 1050, *as amended,* 72 P.S. §5511.36(a). This section of the Act provides as pertinent hereto:

> "When any taxing district or taxing authorities propose to . . . reduce the compensation . . . for the *office of an elected tax collector,* such action shall be by ordinance or resolution, finally passed . . . prior to the fifteenth day of February of the year of the municipal election." (Emphasis added.)

The issue is whether a taxing district has the power to reduce the compensation payable to a person who is appointed, with prior notice of the proposed reduction in compensation, to fulfill the unexpired term of a deceased elected tax collector. Alternately stated, the issue is whether the compensation fixed by the taxing district can be reduced during the term of the office of an elected tax collector, if a vacancy occurs in that office, for whatever reason, prior to the expiration of the term. The lower court concluded that a taxing district could not reduce the compensation of a tax collector under such circumstances. The aggrieved school district has appealed.

In the instant case the appellant school district initially fixed the compensation for the elected tax collector at the rate of three percent of the school tax collected. During his term, which was to expire on January 1, 1974, the elected tax collector died and appellant, prior to appointing the appellee to fill the remainder of the unexpired term, reduced the compensation of the tax collector from three percent to two percent of school taxes collected. With knowledge of this reduction, the appellee accepted her appointment as tax collector, and thereafter filed a complaint in mandamus to compel the appellant to pay her a three percent commission on future taxes to be collected, and also to reimburse her for the difference between the compensation she received at the

two percent rate and what allegedly was due her had the compensation been fixed at three percent.

A stipulation as to the facts was filed in the lower court which it characterized as translating the cause of action from one in mandamus to a cause of action sounding debt. In concluding that the appellant could not reduce appellee's compensation, the lower court reasoned that since the statute speaks in terms of compensation for the *office* of elected tax collector, the school district was without power to change the compensation during the *term of the office* of the now deceased tax collector notwithstanding a vacancy had ocurred and now filled by appointment of the present incumbent. We reverse.

Section 36.1 of the Act was designed to provide adequate notice, to all candidates for the office of tax collector, as to the compensation they would receive if elected to that office. *Myers v. School District of Newtown Township*, 396 Pa. 542, 153 A.2d 494 (1959) ; *Cooke v. Greenville*, 2 Pa. Commonwealth Ct. 417, 278 A.2d 182 (1971). The fifteenth day of February, referred to in section 36.1, was a date chosen by the Legislature to enable prospective candidates to make a decision as to the adequacy of the salary and thereafter whether to run for the office prior to expending time, money and effort in the primary election in May and thereafter in the municipal election in the fall. Additionally and of equal importance is the legislative intent that the compensation of the elected official not be changed during his *term* of office, either as a reprisal or reward for his actions. Section 36.1 prevents in Mr. Justice ROBERTS' words "political vendettas."[1]

With this framework and intent of section 36.1 of the Act in mind, we construe the phrase "office of an elected tax collector" to mean the office of an elected tax collector

---

1. *Costello v. North Braddock Borough*, 428 Pa. 264, 269, 237 A.2d 236, 238 (1968), concurring opinion by Mr. Justice ROBERTS.

during his term in office. That is, in order to prevent political vendettas the taxing authorities cannot reduce the compensation for the office of tax collector during the term of the elected officeholder.

What then is the term of the office of tax collector? It is all inclusive from the date he takes office until his term officially expires, in this case on January 1, 1974, or rather, does the term of office expire upon a vacancy occurring therein? This Court has recently had occasion to resolve just such an issue in *Firing v. Kephart*, 18 Pa. Commonwealth Ct. 578, 336 A.2d 470 (1975). In *Firing* we were required to interpret section 16(a) of Article V of the Pennsylvania Constitution to determine what was the "term of office" of a Justice of the Peace who was elected for a six year term, but who was required to retire at age seventy.[2] Therein we concluded that "his 'term' . . . expired on the date when he reached the constitutionally mandated retirement age." 18 Pa. Commonwealth Ct. at 583, 336 A.2d at 473.

Although in *Firing*, we were concerned with reconciliation of two constitutional provisions, one mandating retirement at age seventy, while the other prohibiting dimunition of compensation during a *term* of office, we believe the rationale of that decision, that the term of office of an elected official terminates upon a vacancy occurring therein, is equally applicable to this case. Furthermore, in this case the two purposes of section 36.1 are not frustrated but are fully met. The deceased tax collector was advised of the compensation he would receive upon being elected to his office and there was no attempt for political vendetta purpose or otherwise to reduce his compensation. We cannot extend its purpose beyond that it was intended to accomplish by holding that an appointed successor is within the protection it was intended to afford.

---

2. Pa. Const. art. V, §16(b).

Within the limits otherwise fixed by law[3] the power of a taxing authority to fix compensation of an appointed tax collector should not be so impaired.

The order of the lower court is reversed.

---

3. Section 35 of the Act, 72 P.S. §5511.35 limiting the percentage amount of taxes collected that may be awarded as salary.