## Heald v. Conneaut School District

*William Pineo,* of *Prather, Prather & Pineo,* for plaintiffs.

*Gordon R. Miller,* of *Eckels, Blystone, Fuller, Kinnunen & Smith,* for defendant.

THOMAS, *P.J.,* January 17, 1979—Eleven tax collectors for municipalities in the Conneaut School District have brought an action against the school district alleging, inter alia, that the district has improperly reduced their compensation during their terms of office. The school district has filed a preliminary objection in the nature of a demurrer which is now before the court for decision.

## ISSUE

The interesting issue to be herein resolved is whether a tax collector's compensation can be reduced *after* his term has expired, but while he is still "winding up" his collection duties as mandated by the law.

## FACTUAL BACKGROUND

The facts are not in dispute. At a meeting held by the Conneaut School Board in February of 1977, a resolution was adopted lowering the compensation for school tax collectors, effective January 2, 1978. All of plaintiffs' statutory terms of office expired at

the end of 1977, although their responsibility for collecting taxes levied in July of 1977 and settling tax duplicates thereon continued after expiration of their terms. Commissions on tax collections were reduced .1 to 1.2 percent after January 2, 1978, with individual tax collectors losing from $7.96 to $226.16. The total claimed in this action by the eleven tax collectors is $1,018.88.

## DISCUSSION

The Local Tax Collection Law[1] generally governs the responsibilities and compensation of tax collectors for municipalities across the State. Section 35 of the act pertains to the issue in question. It provides:

"Compensation of tax collector in boroughs and townships of the second class

"The tax collector in boroughs and townships of the second class shall receive, as compensation for the collection of county, institution district, borough and township taxes, salary, wages or a commission on all such taxes to be fixed by the respective taxing authorities levying such taxes, not exceeding five per centum of the amount collected. In the case of school district taxes, the commission or compensation of the tax collector shall be determined by the board of school directors, and the total cost of such collection shall be reported annually to the Superintendent of Public Instruction, and shall be published in his report.

"For the collection of county, institution district,

1. Act of May 25, 1945, P.L. 1050, sec. 1 et seq., as amended, 72 P.S. §5511.1 et seq.

school district, borough and township taxes, the tax collector shall be allowed by the respective taxing authorities, actual and needful expenditures for printing, postage, books, blanks and forms." Acts of May 25, 1945, P.L. 1050, §35; and March 14, 1961, P.L. 64, §1, 72 P.S. §5511.35.

There is no question that, constitutionally, local authorities may lower the compensation of tax collectors *during* their term of office, notwithstanding article 3, sec. 27 of the Pennsylvania Constitution.[2] This constitutional prohibition limits *legislative* action and *not* enactments of *local* bodies *by ordinances*.[3] Increases or decreases in tax collectors' salaries (actually commissions earned on collections) are governed by section 36.1 of the Local Tax Collection Law.

"Increase or reduction of compensation.
"When any taxing district or taxing authorities propose to either raise or reduce the compensation or salary for the office of an elected tax collector, such action shall be by ordinance or resolution, finally passed or adopted prior to the fifteenth day of February of the year of the municipal election." Acts of May 25, 1945, P.L. 1050, §36.1, added May 16, 1951, P.L. 314, §2, as amended March 14, 1961, P.L. 64, §2; December 22, 1965, P.L. 1145, §2, 72 P.S. §5511.36a.

---

2. "No law shall extend the term of any public officer, or increase or diminish his salary or emoluments, after his election or appointment." Art. 3, sec. 27.

3. Sefler v. Borough of McKees Rocks, 72 Pa. Superior Ct. 81 (1919). (Addressing Art. III, sec. 13 of the Constitution of 1874, which is identical to Art. 3, sec. 27 of the 1967 Constitution.)

President Judge Bowman, of the Commonwealth Court, stated the purpose of this section in Blaine v. Wallenpaupack Area School District, 19 Pa. Commonwealth Ct. 373, 374, 339 A. 2d 180, 182 (1975), as follows:

"Section 36.1 of the Act was designed to provide adequate notice, to all candidates for the office of tax collector, as to the compensation they would receive if elected to that office. Myers v. School District of Newton Township, 396 Pa. 542, 153 A. 2d 494 (1959); Cooke v. Greenville, 2 Pa. Commonwealth Ct. 417, 278 A. 2d 182 (1971). The fifteenth day of February, referred to in section 36.1 was a date chosen by the Legislature to enable prospective candidates to make a decision as to the adequacy of the salary and thereafter whether to run for the office prior to expending time, money and effort in the primary election in May and thereafter in the municipal election in the fall. Additionally and of equal importance is the legislative intent that the compensation of the elected official not be changed during his *term* of office, either as a reprisal or reward for his actions. Section 36.1 prevents in Mr. Justice Roberts' words 'political vendettas.'" (Citation omitted.) (Emphasis supplied.)

We must decide whether the reduction in commissions vitiates the dual policy of section 36.1. Are tax collectors prevented from making a decision to run based on the adequacy of compensation for the office, and will allowing this reduction open the door to "political vendettas?" Certainly, if we were to permit a change in compensation during the "office of an elected tax collector," no prospective candidate would be certain of the salary of the office for which he was running. The question then is whether the Conneaut School District has altered

the compensation for tax collectors during their "office."

We know of no other elective office where, after the end of the elective term, the office holder still has the obligation to complete mandated duties; namely the continued obligation to collect unpaid taxes on tax duplicates in his possession. The problem addressed here then is whether commissions on taxes collected *after* expiration of the term are to be paid at the "old rate" or the "new rate." Counsel have advised us of no cases on point and our research indicates this question has not been decided by our appellate courts. Seemingly, the legislature has left a "hole" in the law with regard to compensation standards for tax collectors once they have left office.

The closest an appellate court has come to this question was again in the case of Blaine, supra, wherein the court held:

"[W]e construe the phrase 'office of an elected tax collector' to mean the office of an elected tax collector during his term in office. That is, in order to prevent political vendettas the taxing authorities cannot reduce the compensation for the office of tax collector during the term of the elected officeholder.

*"What then is the term of the office of tax collector? It is all inclusive from the date he takes office until his term officially expires*, in this case on January 1, 1974, or rather, does the term of office expire upon a vacancy occurring therein? This Court has recently had occasion to resolve just such an issue in Firing v. Kephart, 18 Pa. Commonwealth Ct. 578, 336 A. 2d 470 (1975). In Firing we were required to interpret section 16(a) of Article V of the Pennsylvania Constitution to determine

what was the 'term of office' of a Justice of the Peace who was elected for a six year term, but who was required to retire at age seventy. Therein we concluded that 'his "term" . . . expired on the date when he reached the constitutionally mandated retirement age.' 18 Pa. Commonwealth Ct. at 583, 336 A. 2d at 473. (Emphasis supplied.)

"Although in Firing, we were concerned with reconciliation of two constitutional provisions, one mandating retirement at age seventy, while the other prohibiting diminution of compensation during a *term* of office, we believe the rationale of that decision, that the term of office of an elected official terminates upon a vacancy occurring therein, is equally applicable to this case. Furthermore, in this case the two purposes of section 36.1 are not frustrated but are fully met. The deceased tax collector was advised of the compensation he would receive upon being elected to his office and there was no attempt for political vendetta purpose or otherwise to reduce his compensation. We cannot extend its purpose beyond that it was intended to accomplish by holding that an appointed successor is within the protection it was intended to afford." At 375-376, 339 A. 2d at 182. (Emphasis in original.)

Clearly then, plaintiffs' terms of office *officially* ended on December 31, 1977, and the decrease in commissions did not occur during their statutory terms.

This does not end our inquiry, however, because the court in Blaine, supra, was not presented with a situation where the issue related to appropriate compensation for duties performed *after* a tax collector completes his official term.

Plaintiff tax collectors were elected pursuant to the Borough Code and the Second Class Township

Code to serve four year terms commencing from the first Monday of January next succeeding their election.[4] Since the Conneaut School District is a third class district,[5] taxes are levied pursuant to the Public School Code of 1949 and all districts are run on a July to June fiscal year.[6] The school board levies the taxes and prepares the duplicate which must be furnished to the tax collectors on or before July 1 each year.[7] This duplicate constitutes the collector's warrant for collection and remains in force until complete settlement,[8] which must be made by a date designated by the district but not later than July 1 of the following year.[9] Thus, the taxing authority *may* elect to extend the tax collector's authority and obligation to collect taxes on duplicates in his possession *beyond* their elective term.

Tax notices must be sent by the tax collector to the individual taxpayers not later than the first day

4. Borough Code—Act of February 1, 1966, sec. 861, P.L. (1965) 1656, 53 P.S. §45861.

Second Class Township Code—Acts of May 1, 1933, P.L. 103, art. IV, sec. 414, and July 10, 1947, P.L. 1481, sec. 3, 53 P.S. §65414.

5. Acts of March 10, 1949, P.L. 30, art. II, and August 8, 1963, P.L. 564, sec. 1, 24 P.S. §2-202 (1978). At the 1970 census the district's population was 14,564.

6. Acts of March 10, 1949, P.L. 30, art. VI, sec. 671, and July 31, 1963, P.L. 389, sec. 8, 24 P.S. §6-671. Acts of March 10, 1949, supra; as amended by the Act of January 26, 1966, P.L. (1965) 1606, sec. 1, June 16, 1972, P.L. 449, secs. 2, 3, December 10, 1974, P.L. 914, sec. 1, 24 P.S. §6-672.

7. Act of March 10, 1949, note 6, supra, 24 P.S. §6-682.

8. Note 1, supra, sec. 5, 72 P.S. §5511.5.

9. Note 1, supra, sec. 26, 72 P.S. §5511.26.

of July, following receipt of the duplicate.[10] If payment is made within two months of the notice, a two percent discount is given but if payment is not received within four months, a penalty of up to ten percent may be assessed and collected.[11] After two months, the tax collector has the option of securing payment by distress and sale on the taxpayers' goods, chattels and realty.[12]

Thus, although a tax collector's official term ends on December 31, his *duties continue* until complete settlement is made, which must be by July 1 of the following year. Defendant school district argues that since it could, under section 26 of the Local Tax Collection Code, fix a date for settlement in advance of the July 1 statutory deadline, plaintiffs should not be heard to complain if their commissions are reduced during the "grace period" from January to July. We find this reasoning unpersuasive. The fact remains that the district *did not choose* to shorten the one year statutory term for settlement. If it had, perhaps the tax collectors would have made a more diligent effort to settle *before* they left office.

The code and tax law mandate a tax collector's duties and these duties extend beyond their official terms. We find that the tenor of section 36.1 is such that compensation should follow a tax collector's

---

10. Note 1, supra, sec. 6, as amended by the Act of February 10, 1970, P.L. 8, sec. 1, 72 P.S. §5511.6.

11. Note 1, supra, sec. 10, as amended by the Act of July 9, 1976, P.L. 530, sec. 1, 72 P.S. §5511.10.

12. Note 1, supra, sec. 17, as amended by the Act of February 1, 1974, P.L. 29, sec. 1, 72 P.S. §5511.17, and sec. 18, 72 P.S. §5511.18.

performance of his duties and not end or be subject to variation upon the termination of his official term. This conclusion is in keeping with the dual policy behind section 36.1. A candidate for office of tax collector should know what his compensation will be for the services he will perform, regardless of whether these services are to be completed before the expiration of his office or after. In addition, to allow this reduction would subject individual collectors to the political and personal whims of the board for one-half of the collector's final fiscal year in office. Although there is no evidence of such behavior in this case, we cannot construe section 36.1 as allowing the taxing bodies to change the compensation of tax collectors after their official terms have expired but during a period of time when they still have an obligation to collect taxes due on the duplicates in their possession.

We accordingly reject defendant's arguments in support of its demurrer and enter the following

## ORDER

And now, January 17, 1979, defendant's preliminary objection in the nature of a demurrer is denied and defendant is afforded 20 days in which to file an answer to plaintiffs' complaint.