## Brocious v. Sandy Township

*Anthony S. Guido,* for plaintiff.
*Allen C. Welch, Jr.,* for defendant.

REILLY, *P.J.,* June 20, 1983—Plaintiff, above-named, first assumed the office of Sandy Township Tax Collector in January of 1974 and was reelected in 1977 and 1981. During the period of time from 1973 through 1981, defendant, also above-named, provided the office of tax collector certain fringe

benefits including office space and utilities, telephone service, and social security coverage. In addition thereto, hospitalization coverage was also provided the tax collector beginning in 1978.

At their regular meeting in February of 1981, the Township Supervisors considered the question of compensation for the tax collector as required by Section 5511.36a of the Local Tax Collection Law, which section provides as follows:

"When any taxing district or taxing authorities propose to either raise or reduce the compensation or salary for the office of an elected tax collector, such action shall be by ordinance or resolution, finally passed or adopted prior to the fifteenth day of February of the year of the municipal election." 72 Pa.C.S.A. §5511.36a.

At that meeting, defendant did not elect to discontinue any of the above-mentioned fringe benefits, and in addition elected to continue the compensation of the tax collector for the ensuing term commencing in January of 1982 at four and one-half percent of the taxes collected.

Thereafter, at a meeting of the supervisors held in January of 1982, defendant nevertheless did elect to discontinue said benefits, and, further, elected to charge the sum of $200 per month beginning February 1, 1982, as rental for the collector's office space. Plaintiff thereupon brought this suit seeking a restoration of those benefits and claiming that the actions by defendant in discontinuing them were contrary to the Local Tax Collection Law.

More specifically, the question now before the court is whether, if defendant wished to discontinue said benefits to the local tax collector, defendant was required by the above-quoted section 5511.36a of the Local Tax Collection Law to adopt a resolution to that effect prior to February 15, 1981; the

year of local elections. For the following reasons, this court holds that defendant was so required and must now restore those benefits as given previously.

Although there is no case law directly on point, this court is influenced by the Commonwealth Court's reflection on the purposes of section 511.36a in Blaine v. Wallenpaupack Area School District, 19 Pa. Commw. 373, 339 A.2d 180 (1975), in which case the court states:

"Section 36.1 (i.e. §5511.36a) of the Act was designed to provide adequate notice, to all candidates for the office of tax collector, as to the compensation they would receive if elected to that office. Myers v. School District of Newtown Township, 396 Pa. 542, 153 A.2 494 (1959); Cooke v. Greenville, 2 Pa. Commonwealth Ct. 417, 278 A.2d 182 (1971). The fifteenth day of February, referred to in section 36.1, was a date chosen by the Legislature to enable prospective candidates to make a decision as to the adequacy of the salary and thereafter whether to run for the office prior to expending time, money and effort in the primary election in May and thereafter in the municipal election in the fall. Additionally and of equal importance is the legislative intent that the compensation of the elected official not be changed during his *term* of office, either as a reprisal or reward for his actions. Section 361o prevents in Mr. Justice Roberts' words 'political vendettas'. (Costello v. North Braddock Borough, 428 Pa. 264, 269, 237 A.2d 236, 238 (1968), concurring opinion by Mr. Justice Roberts.)" ibid., 19 Pa. Commw. at 375. (Emphasis in original.)

With those legislative intentions in mind, it becomes clear that to allow the action of defendant to stand would completely vitiate the spirit of §511.36a. Here, plaintiff entered the race for tax collector secure in the belief that the compensation

he would receive if he won the race would be four and one-half percent of the taxes collected and, further, that this compensation would be unencumbered and not reduced by any expenditures for office space, telephone service, hospitalization insurance, nor the employer's share of social security coverage since no action to reduce said compensation (either directly by reducing the percentage commission on taxes collected or indirectly by shifting the burden of the costs of the above-mentioned expenses of office onto the collector himself) was taken by defendant prior to February 15, 1981, the year of the election, as required by §5511.36a. Had plaintiff known that the compensation for the office of tax collector was to be indirectly reduced for the ensuing term as defendant attempted to do hereby shifting said expenses onto the collector, he may have decided not to run or to withdraw from the race. He was not given that choice, however, since no adequate notice of defendant's plans were given him.

Indeed, defendant's plans did not even come to light until *after* the election was over. Without casting any adverse judgment on the motivations of defendant here, such timing further invites the second evil against which §5511.36a was meant to prevent-namely, the possibility of leaders dissatisfied with a successful candidate for whatever reason effectively reducing his compensation as a reprisal.

In other words, to allow defendant to indirectly reduce plaintiff's compensation as aforesaid would not only fail to uphold the policy of giving candidates for the job adequate notice of any reduction in compensation so as to allow them to decide not to run, it would also encourage the existence of political vendettas as decried by Mr. Justice Roberts in Costello, op. cit. The spirit of §5511.36a would thus be effec-

tively trampled by allowing the taxing authorities to do indirectly what they cannot do directly, and the legislative intent to outlaw such practices would be defeated.

Since defendant's actions here do indirectly reduce the compensation of the township tax collector by shifting the above-mentioned expenses of office onto the collector himself, thus reducing his actual income by increasing his out-of-pocket expenses, those actions must be declared invalid as the proper procedure for such action (i.e., the requirements of §5511.36a) was not followed. To hold otherwise would invite the abuses outlined above.

Defendant urges that should the court hold that this situation is controlled by §5511.36a, then the cost of the fringe benefits must be added to the tax collector's four and one-half percent commission on all taxes collected to determine whether the maximum legal compensation of five percent of taxes collected is being exceeded. See: 72 Pa. C.S.A. §5511.35. Defendant further argues that if such limit is being exceeded, the excess must be returned to the township. However, this court does not agree that the cost of the benefits are to be considered as "compensation" within the meaning of §5511.35, which provision set the maximum compensation allowable to a tax collector of this type.

It must be noted first that this court did not declare the fringe benefits at issue here to be "compensation" within the meaning of the Local Tax Collection Law when it concluded that their discontinuation was governed by the requirements of §5511.36a of said act. Rather, this court concluded that §5511.36a applied because although the benefits themselves are not compensation under the act, their discontinuation would in effect reduce the collector's compensation by shifting the burden

of their expense onto him. In essence, the court has, in order to safeguard the spirit and vitality of §5511.36a, interpreted that section to necessarily read as follows:

"When any taxing district or taxing authorities propose to either raise or reduce the compensation or salary for the office of an elected tax collector, either directly or indirectly, such action shall . . ."

No such safeguarding of policy is necessary in interpreting "compensation" as defined in §5511.35. In that provision, compensation is defined as "salary, wages or a commission on all such taxes to be fixed . . ." 72 Pa. C.S.A. §5511.35. No mention is made of fringe benefits as being within the definition. Indeed, there is an implicit difference between compensation and other benefits accruing to the office raised within §5511.35 itself. Not only does that section provide for actual compensation for the collector, but in addition thereto it also provides that he "shall be allowed . . . actual and needful expenditures for printing, postage, books, blanks and forms." The provision therefore contemplates that a particular collector could be receiving the maximum five percent of all taxes collected and nevertheless also receive the cost of the above listed expenditures. Such expenses cannot thus be considered as compensation, since §5511.35 sets a maximum on actual compensation and nevertheless provides for additional benefits beyond that maximum. Since expenditures such as office space, utilities, and telephone service are akin to those mentioned within §5511.35 and listed above (i.e., they are all necessary to the functioning of the office and are, thus, as much a benefit to defendant as to the tax collector), those expenditures must also not be considered as compensation within the act and,

therefore, are also not included within the five percent maximum.

Moreover, the social security coverage previously supplied for the tax collector is also not to be included within the five percent maximum. Since those payments were only the *employer's* share of social security coverage and did not represent any portion of the share of said taxes paid by the employee, those payments were not actually compensation to the collector, but rather were merely the cost to the township of being able to have a tax collector. In other words, such payments are not compensation to the employee (i.e., the tax collector) but instead a cost of employment to be borne by the employer (i.e., Sandy Township).

The benefit which most resembles compensation to the collector is the hospitalization insurance coverage. That benefit — unlike the necessary expenditures for office space which expenditures are as much a benefit to the township as to the tax collector since they provide the township with a tax collector capable of functioning, and unlike the Social Security coverage, which portion of the payments are statutorily required to be paid by an employer as a cost of employment — is almost exclusively for the benefit of the tax collector alone. However, this court is of the opinion that since, like the other benefits discussed above, such payments by the township for health coverage are not direct compensation to the tax collector, and, further, are not includible within his gross income for income tax purposes (26 U.S.C.A. §106), they are also not within the definition of compensation in §5511.35 and are also not to be included when determining whether the five percent minimum for compensation has been exceeded.

Wherefore, the court enters the following

## ORDER

Now, June 20, 1983, it is the order of this court that judgment be and is hereby entered in favor of plaintiff and against defendant. It is the further order of this court that defendant be and is hereby required to continue to provide the benefits previously provided the office of tax collector during the remainder of the current term of office, which commenced in January of 1982, in accordance with the court's memorandum filed this same day.