506 A.2d 956

Penn-Delco School District and Board of Directors of Penn-Delco School District, Appellants *v.* Harry E. Schukraft and Walter Nowak and Vincent Pierdomenico and Elizabeth T. Lewis, Appellees.

Argued December 9, 1985, before Judges ROGERS and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Edward J. Carney, Jr., Petrikin, Wellman, Damico, Carney & Brown,* for appellants.

*Paul L. Patchel,* with him, *Edward S. Lawhorne, Lawhorne, Muller and Delsordo,* for appellees.

OPINION BY SENIOR JUDGE BARBIERI, March 18, 1986:

Penn-Delco School District (District) and the Board of Directors of the Penn-Delco School District (Board), Appellants, appeal here a final decree in equity of the Court of Common Pleas of Delaware County. That final decree enjoins Appellants from utilizing the "lock-box" system for collecting taxes; restored the duties of the office of the tax collectors to the duly elected tax collectors; and declared the Board resolution of February 12, 1981, which reduced the salary of the elected tax collectors to $1.00 per year, null and void. We affirm.

Three of the Appellees were candidates for the office of tax collector in the three municipalities contained in the District at the time of the commencement of this litigation.[1] The fourth Appellee is suing in his right as a resident taxpayer.[2] The candidate Appellees have since

---

[1] Harry E. Schukraft, Vincent Pierdomenico and Elizabeth T. Lewis.

[2] Walter Nowak.

won election and subsequently took office as the tax collectors in their respective municipalities. Since 1977, the District had adopted a "lock-box" system[3] for the collection of its taxes which effectively stripped the tax collectors of the duties under Sections 2 and 6 of the Local Tax Collection Law, Act of May 25, 1945, P.L. 1050, *as amended*, 72 P.S. §5511.2 and 5511.6. In recognition of the cost savings realized by the District and of the reduced workload which the lock-box system put upon the elected tax collectors, the Board adopted a resolution on February 12, 1981 which transferred most of the tax collectors' statutory duties to District employees or agents and also reduced the tax collectors' salaries to $1 per year.[4] The Appellees commenced an equity action to enjoin the District from utilizing the lock-box system, to restore the statutory duties to the office of the tax collector, and to restore the tax collectors' previous salaries. The common pleas court agreed with the Appellees that the District lacked the authority to transfer the duties imposed upon tax collectors by statute to others and granted the relief sought. After the common pleas court denied the Appellants' exceptions to the decree, a timely appeal to this Court followed.

In this appeal, the Appellants contend that (1) the Appellees lack standing to bring this action; (2) that the

---

[3] The "lock-box" system provides for the remittance of taxes directly to a post office box rented by a bank, here Philadelphia National Bank (PNB). The bank, PNB, would remove the tax payments from the lock box, verify the tax payment with the actual billing, deposit the funds received in an interest-bearing account, and report to the District on monies so received and deposited.

[4] The salaries of the respective tax collectors prior to the District's resolution of February 12, 1981 were as follows:

| Aston Township | $4,500 |
| Brookhaven Borough | $3,200 |
| Parkside Borough | $1,800 |

Appellees were not entitled to equitable relief; (3) that the District is entitled to the rights and privileges provided by Home Rule; and (4) that the common pleas court erred in dismissing the District's counterclaim and setting the salaries of the tax collectors at an amount other than that stipulated to by the parties. We shall address these issues in the order stated. In reviewing a final decree in equity, our scope of review is limited to determining whether the chancellor's findings are supported by substantial evidence, whether there was an error of law committed, or whether the chancellor abused his discretion. *Babin v. City of Lancaster,* 89 Pa. Commonwealth Ct. 527, 493 A.2d 141 (1985).

Appellants' challenge to the standing of the Appellees is based solely upon the fact that the candidate Appellees had won their respective primary elections.[5] It is their argument that since the candidate Appellees won their respective primary elections, they lacked standing to challenge the District's reduction of their salaries under our Supreme Court's decision in *Myers v. School District of Newtown Township,* 396 Pa. 542, 153 A.2d 494 (1959). In that case, an incumbent tax collector had run for, and won, re-election to his office before he brought his action to restore his salary to. its previous level. Since he had been victorious in the *general* election and had been *sworn into office,* the Supreme Court held that he lacked standing to challenge the amount of his office's salary. To hold otherwise, wrote the Court, would sanction a fraud upon the general electorate. *Id.* at 545, 153 A.2d at 496.

We are satisfied that the facts presented here are significantly distinguished from those present in *Myers.* Here, the Appellees were only *candidates* for the offices

---

[5] Appellants have not argued that the resident-taxpayer Appellee lacks standing.

whose salaries and duties they challenged whereas in *Myers* the challenger had already won election and was sworn into office. Rather, we are convinced that the facts here are more closely akin to those present in *Abington School District v. Yost,* 40 Pa. Commonwealth Ct. 312, 397 A.2d 453 (1979). In *Yost,* the challengers were incumbent tax collectors who intended to run for, but had not yet won, re-election. There, we determined that the challengers possessed a direct, substantial and immediate interest which was adversely affected by the school district's action decimating the salaries and responsibilities of the tax collector's office. *Id.* at 317, 397 A.2d at 455-456. Viewing both *Myers* and *Yost,* we find that the Appellees had the requisite standing to bring this action.

Appellants' next contention is that the Appellees are not entitled to equitable relief. In support of this contention the Appellants raise both the clean hands doctrine and the defense of laches. With regard to Appellants' defense of laches, they argue that the Appellees knew of the District's lock-box system as early as 1977 yet they did not challenge the legality of that system until 1981. What Appellants obviously overlook is that the official District action, the resolution of February 12, 1981, is the action which effectively stripped the elected tax collectors of their duties under the Local Tax Enabling Law and decimated their salaries. In addition, the candidate Appellees were not candidates for the office of tax collector until 1981. Accordingly, there was no undue delay in the Appellees bringing this action and Appellants' argument under the defense of laches is without merit.

Appellants also raise the clean hands doctrine arguing that the candidate Appellants perpetrated a fraud upon the electorate of the District by waiting until after the primary election to challenge the District's resolu-

tion of February 12, 1981. This argument is taken directly from *Myers* and is inapplicable here. We have already noted the distinctions between the factual circumstances present here and those addressed by our Supreme Court in *Myers*. Since the general election had yet to have taken place and the candidates did not yet have a claim of right to the office to which they aspired, and, more importantly, the general electorate was not lulled into thinking that these candidates were willing to take the offices under the terms and salaries set by the District prior to the general election, the fraud mentioned in *Myers* is simply not present here.

In their final grasp at the clean hands doctrine, the Appellants argue that the Appellees were unwilling to do equity to the District and therefore should be denied equity themselves. The gravamen of this argument is that by waiting until after February 15, 1981, the last day in which the District had to change the salaries of tax collector, the Appellees had effectively precluded the District from correcting its error. This argument, too, is without merit.

The District was well aware of the requirement of Section 36.1 of the Local Tax Collection Law, 72 P.S. §5511.36a, which required that any resolution or ordinance increasing or decreasing the compensation of the office of tax collector be finally passed or adopted prior to February 15 of the year of a municipal election. *Costello v. Borough of North Braddock*, 428 Pa. 264, 237 A.2d 236 (1968); *Heald v. Conneaut School District*, 9 Pa. D. & C. 3d 703 (C.P. Crawford 1979). The purpose of Section 36.1, as stated by the late President Judge BOWMAN of this Court in *Blaine v. Wallenpaupack Area School District*, 19 Pa. Commonwealth Ct. 373, 339 A.2d 180 (1975), is as follows:

Section 36.1 of the [Local Tax Collection] Act was designed to provide adequate notice, to all

candidates for the office of tax collector, as to the compensation they would receive if elected to that office. [Citations omitted.] The fifteenth day of February, referred to in section 36.1 was a date chosen by the Legislature to enable prospective candidates to make a decision as to the adequacy of the salary and thereafter whether to run for the office prior to expending time, money and effort in the primary election in May and thereafter in the municipal election in the fall. Additionally and of equal importance is the legislative intent that the compensation of the elected official not be changed during his *term* of office, either as a reprisal or reward for his actions. Section 36.1 prevents in Mr. Justice ROBERTS' words 'political vendettas.' (Emphasis in original.)

*Id.* at 375, 339 A.2d at 182. Here, the District finally adopted the resolution in question on February 12, 1981, three days prior to the statutory deadline. In addition, the resolution in question did more than merely reduce the tax collectors' salaries, it decimated those salaries and stripped those officials of their statutory duties. The resolution was also adopted *after* this Court's decision in *Yost* which clearly held that such realignment of the duties of tax collectors as well as the decimation of their salaries were beyond the authority of school districts. Accordingly, it is the District which placed itself in such a precarious position by its action and it is in no way the fault of the Appellees.

Appellants' third contention is that the District has been denied equal protection of the laws as guaranteed by the Fourteenth Amendment to the Federal Constitution by virtue of the District's being denied the opportunities to collect its own taxes as home rule charter municipalities are allowed. This argument is also with-

out merit. A school district, as an agency of the Commonwealth or a quasi-municipal corporation created by the Commonwealth for the sole purpose of administering the Commonwealth's system of public education, has no rights under the Federal Constitution which it may assert in opposition to the will of the Commonwealth, its creator. *Williams v. Mayor and City Council of Baltimore,* 289 U.S. 36, 40 (1933); *Northwestern School District v. Pittenger,* 397 F.Supp. 975, 979 (W.D.Pa. 1975). *Cf. Chester County Institution District v. Commonwealth,* 341 Pa. 49, 57, 17 A.2d 212, 216 (1941). We must, therefore, reject Appellants' constitutional challenge.

Appellants' final contention is that the common pleas court erred in reinstating the pre-February 12, 1981 tax collectors' salaries and in dismissing its counter-claim requesting that the tax collectors perform their statutory duties for the set annual salary of $1.00.

Appellants' argument with regard to the common pleas court's reinstatement of salaries is that it disregards a stipulation entered into with the Appellees regarding the issue of salary. After a review of the stipulation, we have concluded that this contention is frivolous. Paragraph 2 of the stipulation in question provides that if the Appellees were successful in their litigation, the District would pay them compensation as set by the common pleas court or, if the common pleas court failed to set a rate of compensation, then they would be paid by the District in accordance with the salary in effect prior to the February 12, 1981 resolution. Since the common pleas court invalidated the February 12, 1981 resolution and reinstated the prior salary schedule, its order is consistent with the stipulation entered into between the parties and Appellants have no cause to complain.

The second prong of Appellants' final contention is that the common pleas court erred in refusing to require the tax collectors to perform their statutory duties for the annual salary of $1.00. While the District has the power to set the salaries of tax collectors, it may not use that power as a means of reforming to its satisfaction the system of local tax collection which is already comprehensively provided for by statute. *Yost,* 40 Pa. Commonwealth Ct. at 319, 397 A.2d at 456-457. As in *Yost,* the common pleas court clearly had the equitable power to invalidate such a scheme. There was no error on the part of the court when it dismissed the District's counter-claim.

Having disposed of all of the Appellants' contentions in favor of the Appellees, we shall affirm the final decree of the common pleas court.

### ORDER

Now, March 18, 1986, the Final Decree of the Court of Common Pleas of Delaware County at Docket No. 81-15287, dated July 3, 1984, is hereby affirmed.